UNITED STATES of America, Plaintiff-Appellee,

v.

Carless Russell BARNHILL, Defendant-Appellant.

No. 14801.

United States Court of Appeals
Sixth Circuit.

June 29, 1962.

Dale M. Quillen, Nashville, Tenn., on the brief, for appellant.

Kenneth Harwell, U. S. Atty., Elmer L. Cooke, Asst. U. S. Atty., Nashville, Tenn., on the brief, for appellee.

Before MILLER, Chief Judge, CECIL, Circuit Judge, and BOYD, District Judge.

SHACKELFORD MILLER, Jr., Chief Judge.

Appellant was found guilty by a jury under a single count indictment charging possession of whiskey in unstamped containers, in violation of Sections 5205 (a) (2) and 5604(a) (1), Title 26 United States Code. He received a sentence of a year and a day. His motion for a new trial was overruled and this appeal followed.

He complains first of a supplemental instruction given by the District Judge to the jury under the following circumstances. The jury retired to consider its verdict at 12:34 P.M. on Friday, October 28. It returned to the courtroom at 1:05 P.M. with the foreman reporting, "We are hopelessly deadlocked." The District Judge gave a supplemental instruction on the importance of reaching a verdict, following which he ad-

journed court until 9:00 A.M. Monday, October 31. The jury resumed its deliberations on Monday at 9:00 A.M. and returned a verdict of guilty at 10:54 A.M.

Appellant contends that by reason of the short period of time the jury had been out and the language used in the supplemental instruction, the jury was coerced in reaching a verdict of guilty. It will be noticed that the District Judge did not send for the jury and then give the supplemental instruction, but that the instruction was given after the *jury* on its own initiative advised the Court it was hopelessly deadlocked. Under the circumstances, the District Judge could have dismissed the jury or have instructed them to return to the jury room and give further consideration to reaching a verdict. Obviously, the period of deliberation had been too short to require as a matter of law that the jury be dismissed. A supplemental instruction was the normal and proper way to handle the matter. The shortness of the time interval was the action of the jury, not chargeable to the trial judge.

The supplemental instruction stressed the importance of reaching a verdict and the duty of each individual juror to listen to the views of the other members of the jury and to give them due weight and consideration in attempting to arrive at a verdict. He stated that some jury was going to have to decide the issue and that it might as well be this jury. However, he also stated that each juror had the right to his own convictions and if it developed that they could not agree, he would declare a mistrial and submit the issue to another jury. We are of the opinion that the supplemental instruction complied with the standards approved by the United States Supreme Court in Allen v. United States, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528. Logsdon v. United States, 253 F. 2d 12, 15–16, C.A.6; Wilson v. Southern Farm Bureau Casualty Co., 275 F.2d 819, 822–823, C.A.5; Railway Express Agency v. Mackay, 181 F.2d 257, 262–263, C.A.8; United States v. Upchurch,

286 F.2d 516, 518, C.A.4; John Fabick Tractor Co. v. Lizza & Sons, Inc., 298 F.2d 63, 65, C.A.2.

It also appears that appellant did not object to the supplemental instruction, as required by Rule 51, Rules of Criminal Procedure, 18 U.S.C., but in fact offered a supplemental instruction of his own, the substance of which was given by the Court. Under the circumstances, we do not find plain error affecting appellant's substantial rights, which we are authorized to consider under Rule 52(b), Rules of Criminal Procedure. Petro v. United States, 210 F.2d 49, 50, C.A.6, cert. denied, 347 U.S. 974, 978, 74 S.Ct. 785, 98 L.Ed. 1114; Huffman v. United States, 297 F.2d 754, 755, C.A.5.

■ Appellant also based his motion for a new trial on the allegation that he was deprived of a fair trial because a government witness testified incorrectly about a material matter by reason of having misunderstood a question asked by appellant's attorney, and that if he had correctly understood the question he would have testified differently. In his brief on this appeal appellant's attorney poses as the question for our determination "Should the District Court order a new trial when a government witness *recants* his testimony on a material issue?" (Emphasis added.) His argument is based upon that theory of the issue involved. The government witness testified at the hearing on the motion for a new trial, and in our opinion did not recant his previous testimony at the trial. It is true that his testimony at the trial differed from that given by other government agents with whom he worked in making the arrest. On the hearing he admitted this difference and the possibility that his testimony was not a correct statement of what happened, but he stated that his testimony was in accordance with his recollection of what happened. His testimony does not indicate that if a new trial was granted he would in any material way testify differently from what he said at the original trial. The factual situation is thus materially different from that in Martin

v. United States, 17 F.2d 973, C.A.5, relied upon by appellant, in which the so-called recanting witness stated in an affidavit "that all of said testimony was false and untrue, and now wishes to correct it." In our opinion there was no abuse of discretion on the part of the District Judge in overruling the motion for a new trial on this ground. Gordon v. United States, 178 F.2d 896, 900, C.A. 6th, cert. denied, 339 U.S. 935, 70 S.Ct. 664, 94 L.Ed. 1353; Winer v. United States, 228 F.2d 944, 952, C.A.6, cert. denied, 351 U.S. 906, 76 S.Ct. 695, 100 L.Ed. 1442.

The judgment is affirmed.