**Pasquale J. MARANO, Jr., Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6843.**

United States Court of Appeals First Circuit.

Heard March 8, 1967.

Decided March 23, 1967.

---

Joseph J. Balliro, Boston, Mass., for appellant.

John Wall, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN. Circuit Judges.

ALDRICH, Chief Judge.

In August 1964 one Kitchell and a number of others, excluding appellant Marano, were indicted for transporting and conspiring to transport stolen goods in interstate commerce. Marano was indicted for receiving and conspiring to receive the goods. All defendants were tried, jointly, to a jury. The court ordered one defendant acquitted, and acquitted Marano on the conspiracy count; in all other matters all defendants were convicted. On appeal we affirmed as to Kitchell, but ordered a new trial for the remaining defendants. Kitchell v. United States, 1 Cir., 1966, 354 F.2d 715, cert. den. 384 U.S. 1011, 86 S.Ct. 1970, 16 L.Ed.2d 1032. On the second trial Marano was again convicted. The only point on this appeal which warrants consideration is the fact that after the first trial he was given a three-year sentence, and after the second a five-year sentence.

As we have recently held, a defendant's right of appeal must be unfettered. Worcester v. Commissioner of Internal Revenue, 1 Cir., 1966, 370 F.2d 713. So far as sentence is concerned, this principle cannot be restricted to those situations in which a defendant, in deciding whether to appeal, must contemplate the certainty of an increased sentence if he obtains a new trial and is convicted again. Not only must he not be faced with such certainty, Worcester v. Commissioner of Internal Revenue, supra, he likewise should not have to fear even the possibility that his exercise of his right to appeal will result in the imposition of a direct penalty for so doing. Accord, Patton v. State of North Carolina, W.D.N.Car., 1966, 256 F.Supp. 225, 80 Harv.L.Rev. 891. But cf. Hayes v. United States, 1957, 102 U.S.App.D.C. 1, 249 F.2d 516, 517, cert. den. 356 U.S. 914, 78 S.Ct. 672, 2 L.Ed.2d 586. But, equally, the judge should not be permitted to change his mind by deciding that he had been too lenient the first time, as was suggested here during oral argument, or, if a new judge, by having a different approach towards sentencing. We do not approve the contrary decision in Shear v. Boles, N.D.W.Va., 2/3/67, 263 F.Supp. 855, cited to us by the government.[1] Such possibilities, if they had to be recognized, might well be substantial deterrents to a decision to appeal.[2]

In the present case the second trial and sentencing were before and by the same judge as the first. The court expressly disclaimed that it was penalizing the defendant, and gave two reasons for increasing the sentence.

"Mr. Marano's sentence was based on evaluation of the presentence report and the additional testimony which came out at the trial."

Passing the first reason for the moment, we do not consider the second to be a proper one. The danger that the government may succeed in obtaining more damaging evidence on a retrial is just as real as the danger, for example, that the judge on his own may wish to reconsider, unfavorably to the defendant, the factors which led to his original disposition. We think that there must be repose not merely as to the severity of the court's view, but as to the severity of the crime. Cf. Green v. United States, 1957, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed. 2d 199 (defendant, on retrial, cannot be convicted of crime greater than the lesser-included-offense which was the basis of the former verdict).

As to the new presentence report, we would recognize here an exception to the general principle. We do not think it inappropriate for the court to take subsequent events into consideration, both good and bad. We cannot, however, presently affirm on this ground, for two reasons. In the first place it is clear, on the court's own statement, that the new circumstances were not the sole ground for the increase in sentence. Secondly, not only might the court not have considered the new presentence report, standing alone, as a sufficient basis for increasing the sentence, but possibly, in weighing the report, it did not fully appreciate the substantial justification that is needed to support such an increase.[3]

1. The court stated that its "most compelling reason * * * [for not interfering with the new sentence] is the fear of undermining the traditional role of the trial judge." This assumes the point. The question is whether it is proper to allow the second judge a discretion to increase sentence.

2. We are not to be understood as suggesting any impropriety in a statutory appeal procedure, see, e. g., Mass.G.L. c. 278, § 28B, where it is provided that a defendant who appeals an allegedly excessive sentence may receive a greater sentence if the appellate court believes it appropriate. That is not a case where a defendant finds his sentence increased as a purely collateral consequence of seeking to raise something else. The state need not provide an appeal on sentence, and we presently see no reason why it may not allow one conditioned upon the government's having a concomitant right.

3. We do not enter into the much mooted subject of whether the presentence report should be revealed to counsel or

The question of sentence is normally within the exclusive determination of the district court. In the exceptional situation, where it is evident that the district court has given substantial consideration to legally impermissible factors, correction must be possible. United States v. Wiley, 7 Cir., 1960, 278 F.2d 500.

The case is remanded for resentencing.

made a part of the record. However, the appearance of justice, as has often been said, should go hand in hand with justice. If the court is taking the exceptional step of increasing a sentence following retrial, we suggest that in this instance its grounds for so doing should be made affirmatively to appear. In the present case, as the government properly concedes, what was disclosed by the report is far from clear on the record.