**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harry Robert WHITE, Defendant-
Appellant.**

**No. 15944.**

United States Court of Appeals
Seventh Circuit.

July 11, 1967.

George P. McAndrews, Chicago, Ill., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before CASTLE, SWYGERT and CUMMINGS, Circuit Judges.

SWYGERT, Circuit Judge.

Harry Robert White appeals from a judgment of conviction entered upon a jury verdict of guilty on eight counts of an indictment charging him with the use of the mails in furtherance of a scheme to defraud, in violation of 18 U.S.C. § 1341. The defendant's trial followed a reversal by this court of a previous conviction on the same charges. United States v. White, 355 F.2d 909 (7th Cir. 1966). Except for certain testimony which we ordered to be excluded on retrial,[1] the same evidence was offered as in the original trial, and, by reason of essentially the same facts stated in our opinion in the prior appeal, we have again concluded that the evidence was sufficient to convict. Two questions are presented: (1) whether the language of an "Allen Charge"[2] given to the jury

was prejudicially erroneous; and (2) whether the imposition of a greater sentence of imprisonment at the conclusion of the second trial than had been imposed after the first trial was a denial of due process or amounted to double jeopardy within the meaning of the fifth amendment.

The jury retired to deliberate at 11:45 a. m. on September 21, 1966. The deliberations continued for approximately four and one-half hours, with time out for lunch. At 4:20 p. m., the district judge informed counsel that he was going to recall the jury and give the "Allen Charge" contained in the manual on jury instructions prepared for use in criminal cases in the Seventh Circuit by Judge Walter J. La Buy, and that counsel would be given an opportunity to object after the instruction had been given. The jury was returned and the following instruction was read to it:

In a large proportion of cases, absolute certainty cannot be expected. Although the verdict must be the verdict of each individual juror and not a mere acquiescence in the conclusions of others, yet you should examine the questions submitted with proper regard and deference for the opinions of each other. You should listen to each other's opinions with a disposition to be convinced. It is your duty to decide the case if you can conscientiously do so. If a much larger number of jurors favor conviction, a dissenting juror should consider the reasonableness of his doubt when it makes no impression upon the minds of other jurors equally intelligent and impartial and who have heard the same evidence.

If upon the other hand the majority favors acquittal, the minority should ask themselves whether they might not reasonably doubt the correctness of their judgment. Likewise, the jurors

---

1. In the earlier appeal we held that prejudicial error occurred at the first trial in the admission into evidence of testimony informing the jury of a prior unrelated and unspecified conviction of the defendant.

2. So called because of the derivation of such charges from the supplemental instruction approved in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L. Ed. 528 (1896).

in the majority favoring a finding for either party should ask themselves whether they might not reasonably doubt the correctness of their judgment when it makes no impression upon the minds of the minority jurors equally intelligent and impartial as they are and who have heard the same evidence.

If you should fail to agree on a verdict, the case must be retried. Any future jury must be selected in the same manner and from the same sources as you have been chosen, [and] there is no reason to believe that the case would ever be submitted to twelve men and women more competent to decide it, or that the case can be tried any better or more exhaustively than it has been here, or that more or clearer evidence could be produced on behalf of either side.

The jury then retired again and deliberated for approximately one hour before returning with a verdict of guilty.

The defendant did not object to the giving of the charge per se, or to the timing of the instruction given by the district judge.[3] His only objection was directed to the statement that in the event the jury should fail to agree, "the case must be retried." [4] In this appeal, the defendant contends that the statement quoted is factually incorrect because the determination whether to retry a defendant following a jury's failure to reach a verdict rests within the discretion of the United States Attorney, and the latter's decision to try the case again is by no means a certainty. The defendant argues that the statement when considered with the fact that during the trial the jury was informed (and instructed to disregard) that the defendant had been involved in a "previous" trial,

imposed undue pressure on the jury to exercise its function of determining the facts.

█ Although it is technically incorrect in the manner suggested by the defendant, the statement that in the absence of a verdict the case "must" be. retried was presumptively true and substantially accurate as of the time it was given. Similar language in supplemental instructions has been approved by other courts. Mills v. Tinsley, 314 F.2d 311, 312 (10th Cir.), cert. denied, 374 U.S. 847, 83 S.Ct. 1907, 10 L.Ed.2d 1067 (1963) ("[y]ou should consider that this case must at some time be decided"); United States v. Barnhill, 305 F.2d 164, 165 (6th Cir.), cert. denied, 371 U.S. 865, 83 S.Ct. 126, 9 L.Ed.2d 102 (1962) (statement to the effect that some jury would have to decide the issue and that it might as well be this jury). In United States v. Furlong, 194 F.2d 1, 2–3 (7th Cir.), cert. denied, 343 U.S. 950, 72 S.Ct. 1042, 96 L.Ed. 1352 (1952), we indicated that a supplemental charge to the jury which included the declaration that "[y]ou should consider that the case must at some time be decided" was proper. Taken in context, the statement to which objection has been raised contains no stronger inference of the desirability of the jury's reaching an agreement as to guilt or innocence than is contained in the remainder of the charge itself. In short, its inclusion in the charge given did not constitute prejudicial error.

Following his first conviction, which we reversed on appeal, the defendant received concurrent sentences of six months' imprisonment plus thirty months' probation on each of the eight counts on which he was found guilty. At the conclusion of the second trial, conducted by a different district judge

---

3. We therefore do not find it necessary to reconsider the merits of the instruction in general, or to review the unsolicited, predeadlock giving of an Allen Charge, except to say that these points do not present plain error.

4. Counsel for the defendant stated his objection as follows:

The defense notes one objection; that is to the statement that in the event there is a hung jury or words to that effect, that the case must be retried. I do not believe that is a necessity and although it would be a proper thing to do, I will take issue that the Federal Government would have to proceed in the event there were a hung jury.

than the one who presided at the first trial, the defendant received concurrent one-year sentences of imprisonment on seven counts, to be followed by a one-year period of probation on the eighth count. The defendant contends that the imposition of a longer term of imprisonment following a successful appeal places an unconstitutional burden upon the exercise of his right to appeal the first conviction, amounting to a denial of due process; additionally, he argues that increasing the time he is required to serve in prison following the second conviction places him twice in jeopardy as to that portion of the sentence in excess of the term imposed after the first trial, in violation of the fifth amendment.

The defendant raised the first argument before the district judge who imposed the second sentence. He argued that imposing a greater sentence upon retrial was punishing him for having appealed the first conviction. He urged that the first sentence serve as the "upper limit" for the second sentencing judge. At that point, the district judge made the following observations:

> I would agree that as a general matter no Court would ever impose a heavier sentence because of an appeal; certainly this Court would agree with that. By the same token * * * a period of three years [has elapsed], and the probation department has supplied additional material. This Court must evaluate it on that basis, not with any intention to penalize anyone for exercising the right to appeal, which is available to any and all defendants, and which is again available to this defendant. So the fact that this Court imposes a more severe sentence in one respect and a less severe sentence in another respect is merely an evaluation of the original probation report plus some five pages of material which have been derived since that time.

From these comments it is apparent that the defendant's successful appeal of his first conviction bore no relationship to the imposition of the increased prison sentence upon retrial. It is also apparent that the factors which impelled the district judge to conclude that a greater sentence was warranted were contained in the expanded presentence report and included events occurring subsequent to the defendant's first conviction.

██ With respect to the defendant's first argument, we believe that when, as here, it appears in the record that the sentencing judge is not penalizing the defendant for having exercised his right to appeal, the imposition of a greater sentence upon reconviction does not constitute a denial of due process and that such action lies within the discretion of the district judge. Similarly, as to the defendant's double jeopardy argument, we do not believe that the fifth amendment prohibits different punishments upon reconviction for the same crime following a successful appeal when the punishment, whether imposed by the same or a different district judge, results from the judge's exercise of his traditional discretionary function of considering a variety of sentencing factors, many of which have no direct relationship to the crime itself.

We are fully aware of the recent decisions of other courts, dealing with these and related questions, which have expressed views contrary in many respects to those expressed herein. We think, however, that the pronouncement of a constitutional principle as sweeping and inflexible as that discussed in certain of these decisions and urged here by the defendant should await the considered judgment of the Supreme Court, particularly as that Court may choose to refine or abandon whatever distinctions remain between Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), and Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919).[5]

5. In Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919), the Court upheld a judgment of conviction imposing the death penalty following the reversal of a conviction fixing the punishment at life imprisonment, over an objection based on double jeopardy grounds. In Green v. United States,

Typical of the decisions which have declared a blanket prohibition against any increase in a sentence on retrial following a successful appeal, and perhaps the most persuasive, is Patton v. State of North Carolina, No. 11,005, 381 F.2d 636 (4th Cir., June 14, 1967). There, in an exhaustive opinion by Judge Soboloff, the Fourth Circuit held that the due process clause, the equal protection clause, and the constitutional prohibition against double jeopardy all require a uniform rule barring the subsequent imposition of a sentence in excess of one which has been invalidated, stating that "the fixed policy must necessarily be that the new sentence shall not exceed the old." [6]  The Ninth Circuit, although not reaching the precise question, has indicated that a sentence vacated by a trial court may not thereafter be increased because "it appears likely that a contrary result would run afoul of the constitutional protection against double jeopardy." Walsh v. United States, 374 F.2d 421, 426 (9th Cir. 1967). The First Circuit has taken a somewhat different approach in Marano v. United States, 374 F.2d 583 (1st Cir. 1967). The court there held that a sentence may not be increased following a successful appeal, even where additional evidence has been introduced at the second trial. It recognized an exception with respect to presentence reports, however, stating that "[w]e do not think it inappropriate for the court to take subsequent events into consideration, both good and bad." Id. at 585. The court added in a footnote that "[i]f the [sentencing] court is taking the exceptional step of increasing a sentence following retrial, we suggest that in this instance its grounds for doing so should be made affirmatively to appear." Id. at 585–586 n. 3.[7]

▪▪ We agree with *Marano* that the sentencing court should be permitted to impose a greater sentence upon retrial if circumstances disclosed in a presentence report warrant such a step. But, contrary to the suggestion in *Marano*, we are willing to rely upon the discretion of the district judge in considering a presentence report available to him in fixing the punishment, without requiring that the particular facts bearing upon the exercise of his discretion be affirmatively disclosed. In this respect we approve of the statement of the Third Circuit in United States ex rel. Starner v. Russell, 378 F.2d 808 (3d Cir., May 25, 1967), that a trial judge, "when a

355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), the Court held that the double jeopardy clause prohibited a conviction of first degree murder, carrying the death sentence, upon retrial following the reversal of a conviction of second degree murder, for which a term of imprisonment had been imposed. The majority in *Green* stated in a footnote that *Stroud* was "clearly distinguishable;" four dissenting justices disagreed, and the controversy has continued unabated. Compare State v. Wolf, 46 N.J. 301, 216 A.2d 586, 589–590 (1966), with Patton v. State of North Carolina, No. 11,005, 381 F.2d 636 (4th Cir., June 14, 1967), and People v. Henderson, 60 Cal.2d 482, 35 Cal.Rptr. 77, 386 P.2d 677 (1963). And see Cichos v. State of Indiana, 385 U.S. 76, 87 S.Ct. 271, 17 L.Ed.2d 175 (1966); United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966).

6. To the same general effect as Patton v. State of North Carolina, No. 11,005, 381 F.2d 636 (4th Cir., June 14, 1967), are People v. Ali, Cal., 57 Cal.Rptr. 348,

424 P.2d 932 (1967) (judgment imposing consecutive sentences could not be imposed following reversal of conviction on same charges for which concurrent sentences of same duration had been imposed); People v. Henderson, 60 Cal.2d 482, 35 Cal.Rptr. 77, 386 P.2d 677 (1963) (double jeopardy prohibition precludes imposition of death penalty following reversal of conviction of same crime resulting in life sentence). And see State v. Wolf, 46 N.J. 301, 216 A.2d 586 (1966) (state policy bars prosecution from seeking death penalty following reversal of conviction for which sentence of life imprisonment imposed).

7. For a decision in general accord with Marano v. United States, 374 F.2d 583 (1st Cir. 1967), see Gainey v. Turner, 266 F.Supp. 95 (E.D.N.C.1967), relying upon the opinion of the district court in Patton v. State of North Carolina, 256 F.Supp. 225 (W.D.N.C.1966), later affirmed by the Fourth Circuit in Patton v. State of North Carolina, No. 11,005, 381 F.2d 636 (4th Cir., June 14, 1967).

new trial is ordered, may impose a sentence greater than one he had earlier vacated, and * * * it is unnecessary to articulate the reason for any differentiation in the term of the sentence."

■ In the instant case the district judge, following reconviction on the same charges, increased the term of imprisonment to be served by the defendant, whose prior conviction and sentence before a different district judge had been reversed on appeal. The judge's action was within his discretion and was taken upon consideration of factors distinct from the crime itself and occurring both prior and subsequent to the first conviction; it was not undertaken to penalize the defendant for having taken an appeal. Therefore, the defendant's sentence was constitutionally permissible.

The judgment of the district court is affirmed.

CUMMINGS, Circuit Judge (dissenting).

I regret disagreeing with the majority. However, my judgment is that this case should be remanded to the District Court for resentencing in accordance with Marano v. United States, 374 F.2d 583 (1st Cir. 1967). Because of its confidential nature, the presentence report need not be revealed to counsel or made part of the record.[1] But in fairness to the parties and to elucidate the appeal, the District Court should certainly state the grounds in the presentence report that caused the imposition of the greater sentence. Patton v. State of North Carolina, 256 F.Supp. 225, 235, 236 (W.D. N.C.1966; opinion by Circuit Judge Craven), affirmed, 381 F.2d 636 (4th

Cir. 1967); Gainey v. Turner, 266 F. Supp. 95, 102 (E.D.N.C.1967). Since this record does not reveal the basis for the increased sentence, affirmance is unjustified.[2] Even assuming the viability of Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103,[3] the record on retrial should affirmatively show that only permissible grounds motivated the increase in punishment. As the able trial judge observed, a sentence should not be imposed to punish a defendant for taking an appeal. Only exceptional circumstances warrant increasing a sentence upon retrial.[4]

In my view, this Circuit should no longer countenance the following sentence of the Allen charge as given here (33 F.R.D. at p. 611):

"If you should fail to agree on a verdict the case must be retried."

The statement is untrue, for the Government may decide not to retry the case. Because of its misleading effect, the sentence should be replaced by one suggested by Judge Mathes, or its equivalent (27 F.R.D. at p. 102):

"If you should fail to agree on a verdict, the case is left open and undecided. Like all cases, it must be disposed of sometime."

Defendant has not shown that the improper charge was sufficiently prejudicial to require reversal. No authority has been cited to support reversal on this ground. The District Judge was of course not at fault for employing the unfortunate sentence, for it was derived verbatim from instructions used throughout this Circuit since 1963. The defect should be rectified in future cases in which the Allen charge is given.

1. Cf. § 2.3(a) (iii) of Appellate Review of Sentences (p. 42 of April 1967 Tentative Draft), American Bar Association Report on Minimum Standards for Criminal Justice, Institute of Judicial Administration.

2. See United States v. Wiley, 278 F.2d 500, 504 (7th Cir. 1960).

3. But cf. Patton v. State of North Carolina, 381 F.2d 636, 644–645 (4th Cir.

1967); People v. Henderson, 60 Cal.2d 482, 35 Cal.Rptr. 77, 386 P.2d 677, 686 (1963).

4. See Marano v. United States, 374 F.2d 583, 585–586, note 3 (1st Cir. 1967); Patton v. State of North Carolina, 256 F.Supp. 225, 235 (W.D.N.C. 1966), affirmed 381 F.2d 636 (4th Cir. 1967).