**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Emma Jean GREATHOUSE, Defendant-
Appellant.**

No. 72-2004.

United States Court of Appeals,
Seventh Circuit.

Argued June 14, 1973.

Decided Aug. 16, 1973.

Rehearing Denied Sept. 26, 1973.

Carolyn Jaffe, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., William T. Huyck, and Terry M. Gordon, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, and GRANT * and REYNOLDS,** District Judges.

JOHN W. REYNOLDS, District Judge.

Defendant Emma Jean Greathouse was convicted in a court trial of three counts of transporting and negotiating forged securities in violation of 18 U.S.C.A. § 2314. She now claims she was denied a fair trial because the presiding judge had previously read the presentence report of codefendant Bob Greene who testified against her and because this same presentence report, which tended to impeach Greene, was not disclosed to her attorney.

In August 1971, defendant collaborated with Greene to forge and cash securities of the Eastman-Kodak Company. Defendant made counterfeit copies of a legitimate Eastman-Kodak check. Greene, who had gained the trust of certain bank employees from his previous employment as a bookkeeper for a large corporation, attempted to cash the checks at various banks in the immediate area.

Greene pleaded guilty on July 11, 1972, a presentence was ordered, and the date for sentencing was set. On the same day that Greene was to be sentenced, defendant's trial began. Before the Government began its case-in-chief, the judge made the following remarks:

"I must advise the parties that I have read the presentence investigation report of Mr. Greene, which has been in my office for some days. So, I am pretty well familiarized with the case."

Defense counsel did not raise any objection.

Defendant does not contend that the presentence report of Greene contained any new information bearing on the offense. The alleged prejudice arose from Greene's statement in the report that defendant told him a third party, the cashier, "came to her house to meet girls and smoke dope," thereby suggesting that defendant engaged in other criminal activities. The defendant claims that the report's value to her lay in the fact that Greene lied in the report even about such things as his age, education, and prior marital and employment history.

During the trial Greene testified for the Government that defendant had given him the checks and that he negotiated them at her request, sharing some of the proceeds with her. Other evidence also suggested that defendant had participated in the crime. A search of a filing cabinet in the defendant's office produced twenty-eight undated Eastman-Kodak checks payable in blank, a receipt for a check of $7,000, and a legitimate Eastman-Kodak check which was payable to a third person and on which defendant's fingerprints were found. Another blank Eastman-Kodak check was found on defendant's person.

Defendant attempted to show that Greene alone was guilty. She indicated that they had been having an affair. And it was corroborated that Greene visited her office often and maintained exclusively the filing cabinet where most of the checks were found.

In finding defendant guilty on all counts, the judge stated, "Mr. Greene is probably a pathological liar" and "I don't believe his testimony in many respects." However, he went on to say, "I think the evidence is too strong to discharge * * * [defendant] from the charge of aiding and abetting. * * * [T]o say that she did not have any knowledge of what was going on and did

---

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

** Chief District Judge John W. Reynolds of the Eastern District of Wisconsin is sitting by designation.

not participate and help Mr. Greene in his activities * * * is stretching my credulity too far."

Defendant has failed to establish that the judge's reading of the presentence report prejudiced her to any significant extent. Nothing in the record indicates that the information in the presentence report affected the judge's deliberation. Much that comes to the attention of a judge in a bench trial would be inadmissible in a jury trial. But as this court said in United States v. Fox, 437 F.2d 733, 734 (7th Cir. 1971), " * * * in a bench trial, the court is deemed to have considered only admissible and relevant material [citations omitted], at least absent a showing of substantive prejudice." To the same effect is Judge Castle's statement in United States v. Menk, 406 F.2d 124, 126 (7th Cir. 1968), cert. denied 395 U.S. 946, 89 S.Ct. 2019, 23 L.Ed.2d 464 (1969):

> "·* * * we cannot probe the mind of the trial judge * * *, [and] we likewise cannot presume error by inferring that he considered the improperly admitted evidence * * * 'the appellant has both the burden of proving error and of showing that he was prejudiced thereby.' * * * "

Defendant also contends that she should have been shown Greene's presentence report since it contained information impeaching him. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Putting to one side the facts that defendant did not ask to see the presentence and that *Brady* involved the prosecutor's duty, not the trial judge's, and assuming that the duty imposed by *Brady* extends to impeachment evidence, it still does not follow that the presentence report must be disclosed. Presentence reports warrant special treatment. As other courts have held, requiring disclosure of a presentence report is contrary to the public interest as it would adversely affect the sentencing court's ability to obtain data on a confidential basis from the accused and from sources independent of the accused for use in the sentencing process. United States v. Evans, 454 F.2d 813, 820 (8th Cir. 1972). Rule 32(c)(2) of the Federal Rules of Criminal Procedure.

Even if defendant had a right to see the report, the report's negligent suppression would not warrant reversal. As it was, the trial court made it clear that he found Greene a "pathological liar." It is not likely that he would have reached a different verdict if Greene had been more thoroughly impeached by cross-examination. Kyle v. United States, 297 F.2d 507, 514 (2d Cir. 1961).

The judgment of the district court is affirmed.