UNITED STATES of America,
Plaintiff-Appellee,

v.

Tommy Wayne MILLER,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Jack ATKINS, a/k/a Jack Tippitt,
Defendant-Appellant.

Nos. 73–1866, 73–1868.

United States Court of Appeals,
Seventh Circuit.

Heard Jan. 24, 1974.

Decided April 12, 1974.

Cornelius Thomas Ducey, Jr., Belleville, Ill., Lehman D. Krause, E. St. Louis, Ill., for defendants-appellants.

Henry A. Schwarz, U. S. Atty., William C. Evers, III, Asst. U. S. Atty., E. St. Louis, Ill., for plaintiff-appellee.

Before KILEY, Senior Circuit Judge, CUMMINGS, Circuit Judge, and HOFFMAN, Senior District Judge.*

* Senior District Judge Julius J. Hoffman of the Northern District of Illinois is sitting by designation.

CUMMINGS, Circuit Judge.

In No. 73–1866, defendant Miller pleaded guilty to a violation of the Dyer Act (18 U.S.C. § 2312). The district court ordered that a presentence investigation be conducted, and the prior criminal record portion of the ensuing presentence report was sent to defense counsel. Prior to sentencing, defendant filed a motion requesting permission to examine the entire presentence report on the ground that he could not otherwise "receive a fair sentence." At the time of sentencing, this motion was denied.

At the sentencing hearing, defense counsel explained that defendant had advised that several matters in the prior record portion of the presentence report were false. The district judge thereupon said that it was his regular custom not to deliver any portion of a presentence report except the prior record, stating "that would jeopardize a lot of sources of information if this was revealed * * *," and that "we would try every issue of this man's life all over again on the presentence report * * *." While the judge said he did not rely entirely on the custom, his only comment on the specifics of this case made clear that he simply considered the case to be an example of the reason for his custom. He did not really consider deviating from the custom. Defendant addressed the district judge and stated that the description of the drowning of his girl friend in the prior record portion of the presentence report was incorrect; defendant then gave his version of the incident. He mentioned that he was currently in a Texas state penitentiary serving an 8-year sentence for a drugstore burglary. Although the prior record portion of the presentence report said that as many as 13 burglary charges were being processed against defendant, he claimed that the drugstore burglary was the only one of which he was accused.

Without revealing any of the contents of the other sections of the presentence report, the district judge thereupon sentenced defendant to five years to be served concurrently with his Texas sentence. This appeal attacks the district judge's uniform policy not to reveal the contents of a presentence report except for the prior record portion.

In the related appeal in No. 73–1868, defendant Atkins pleaded guilty to Count I of an indictment charging him with distributing .46 gram net weight of heroin in violation of 21 U.S.C. § 841(a)(1). The remaining three counts were dismissed by the Government. Prior to sentencing, Atkins' counsel filed a motion for leave to examine the presentence report. At the sentencing hearing, he explained that he filed the motion because he was led to believe that there were certain material facts in the presentence report that were not "actually the situation," so that he might wish to present evidence to refute some of the major allegations in the report. As in Miller's case, defense counsel had only been furnished with a copy of that portion of the presentence report containing Atkins' prior record. The same district judge reiterated his policy not to reveal any portion of the presentence report except for the prior record. Before sentence was imposed, Atkins' counsel emphasized that the four pages of prior record in the presentence report revealed only arrests. There was then this exchange:

"THE COURT: You don't believe that where there's smoke there's fire?

"MR. DUCEY: Well, I hope the Court doesn't necessarily believe that, because the Court should only go by what has been shown, what convictions . . .

"THE COURT: Well, I go by the whole thing, Mr. Ducey, the whole ball of wax, not one thing. His past record is just one item."

Before imposing a 5-year sentence, the district judge remarked that he knew Atkins was an addict and had sold drugs to get money and feed his own habit, although the court was unsure "that was

the sole reason for you to do it." The district judge also *thought* that defendant might not be rehabilitable because he had been hospitalized several times for drug addiction.

■ In both appeals, the question before us is whether Rule 32(c)(2) of the Federal Rules of Criminal Procedure permits a district court to maintain a uniform policy of never disclosing information in a presentence report apart from the prior record portion thereof. That rule provides:

> "The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the Court. *The court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon.* Any material disclosed to the defendant or his counsel shall also be disclosed to the attorney for the government." (Italics supplied.)

The last two sentences of this rule were added by amendment in 1966. The

Advisory Committee's note explained that although disclosure is not made mandatory,

> "It is hoped that courts will make increasing use of their discretion to disclose so that defendants generally may be given full opportunity to rebut or explain facts in presentence reports which will be material factors in determining sentences."

As noted in 8A Moore's Federal Practice (2d ed. 1973) ¶ 32.03[4], "the principal argument against disclosure is that it will discourage frank cooperation of those with knowledge of the offender and thus dry up the investigator's sources of information." Pp. 32–37. The Advisory Committee and the Supreme Court considered this, but the amendment was nevertheless adopted to encourage disclosures. 2 Wright, Federal Practice and Procedure: Criminal § 524 at 400 (1969).[1]

■■ We of course agree that because of its confidential nature, the entire presentence report need not be made available to counsel or made part of the record. However, discretion in deciding what to disclose must be exercised on a case-by-case basis. In fairness to the parties, a district court should hereafter state any grounds in the presentence report motivating the imposition of the sentence.[2] To avoid reliance upon critical misinformation in the report which the defendant has had no opportunity to contradict or explain, if the judge re-

---

1. Recommendations that, with safeguards, the reports be disclosed to the defense are contained in American Bar Association Standards Relating to Sentencing Alternatives and Procedures § 4.4 (Approved Draft 1968); American Law Institute, Model Penal Code § 7.07(5) (P.O.D.1962); National Council on Crime and Delinquency, Model Sentencing Act § 4 (1963); President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society 145 (1967); Lehrich, The Use and Disclosure of Presentence Reports in the United States, 47 F.R.D. 225, 252 (1969); Advisory Committee on Criminal Rules, 1970 Preliminary Draft of Proposed Amendments, reproduced at 8A

Moore's Federal Practice (2d ed. 1973), ¶ 32.03 [4], n. 32.21. The Advisory Committee's proposal has been adopted by the Second Circuit's Judicial Council in an unpublished resolution. In this Circuit, we are advised by the minutes of the February 4, 1974, meeting of Chief Judges of this Circuit that some district judges disclose the presentence report and others do not.

2. See United States v. Powell, 487 F.2d 325 (4th Cir. 1973); United States v. Espinoza, 481 F.2d 553 (5th Cir. 1973); United States v. Brown, 470 F.2d 285 (2d Cir. 1972); United States v. Bryant, 143 U.S.App.D.C. 53, 442 F.2d 775 (1971); United States v. White, 382 F.2d 445, 450 (7th Cir. 1967; dissenting opinion).

gards any information in the presentence report as sufficiently important to affect the sentence, the substance of that information should be disclosed to the defendant or his counsel before sentence is pronounced. If the trial judge denies a motion seeking access to a presentence report, he should henceforth make it clear that his sentence determination is not predicated on the contents of the report or describe the substance of any matter he considers significant. This will avoid the kind of error exemplified by Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690; United States ex rel. Jackson v. Myers, 374 F.2d 707 (3d Cir. 1967); State v. Killian, 91 Ariz. 140, 370 P.2d 287 (1962); State v. Pohlabel, 61 N.J.Super. 242, 160 A.2d 647 (App.Div.1960).

We do not say the sentencing judge must always make these disclosures, for there may be exceptional cases which would justify deviation from the foregoing approach. For example, a district judge may find in a particular case that if a certain material item is disclosed, defendant would inevitably know who provided that information, and that there are compelling reasons for hiding the identity of the informant. In such a case, the district judge might choose not to disclose the item, but if so, he should discount his reliance on the information to allow for its lesser reliability. The discretion vested in the district judge by Rule 32(c)(2) allows him to determine a proper procedure for such exceptional cases, which should be rare, and to decide what information in the presentence report is important enough to affect the sentence.

In holding that district judges must abandon any policies of nondisclosure and exercise their discretion under Rule 32(c)(2) in a manner consistent with the purpose of informed sentencing, we are confident that they will be able to protect informants and other confidential matters so that probation officers' sources of information will not be cut off. Although the district judge in

these cases feared that disclosure would lead to lengthy trial-type proceedings at the sentencing stage, this opinion does not modify his power to limit the evidence taken on collateral issues. In its notes to its 1970 draft of proposed rule amendments, the Advisory Committee reported: "Experience in jurisdictions which require disclosure does not lend support to the argument that disclosure will result in less complete presentence reports or the argument that sentencing procedures will become unnecessarily protracted."

The rule established herein is not foreclosed by any previous decision of this Court. Thus in United States v. Humphreys, 457 F.2d 242 (7th Cir. 1972), the Government's principal case, we said that the "need for disclosure" was "obviated" because the defendant was given great latitude in presenting a true picture of his character at a day-long hearing before the trial court. The case Judge Duffy cited for his discussion of the fear that disclosure might dry up sources of information was Baker v. United States, 388 F.2d 931, 933 (4th Cir. 1968), where the court vacated a sentence and remanded because the defendant's counsel had only been permitted partial access to the presentence report. There the court outlined the minimum disclosure permitted under the facts of the case, stating that the "extent of a fair disclosure may be greater in other circumstances." The Baker court rejected the district judge's view that as a matter of law he was under no duty to disclose any portion of the report.

In United States v. Trigg, 392 F.2d 860, 864 (7th Cir. 1968), certiorari denied, 391 U.S. 961, 88 S.Ct. 1863, 20 L. Ed.2d 874, we did not require access to the presentence report because the unfavorable matters were disclosed by the prosecution in its recommendations to the court, except for a state court conviction which the district court itself disclosed.

The Government also relies on United States v. Greathouse, 484 F.2d 805, 807 (7th Cir. 1973). There defendant argued that she should have been given co-defendant Greene's presentence report for use in impeaching his testimony. But she had not asked to see the report at trial, and we held that "the report's negligent suppression would not warrant reversal." We also noted that the trial court had explicitly found Greene to be a "pathological liar," so that further impeachment in Greathouse's bench trial was unnecessary.

The statement in United States v. White, 382 F.2d 445, 449 (7th Cir. 1967), that "we are willing to rely upon the discretion of the district judge in considering a presentence report * * * without requiring that the particular facts bearing upon the exercise of his discretion be disclosed," was incidental to the double jeopardy issue on which that opinion focused. In that context, it has been overruled by North Carolina v. Pearce, 395 U.S. 711, 723, 89 S.Ct. 2072, 23 L.Ed.2d 656, and we no longer consider the quoted sentence to be binding.

■ United States v. Solomon, 422 F.2d 1110, 1119–1121 (7th Cir. 1970), certiorari denied *sub nom.* Sommer v. United States, 399 U.S. 911, 90 S.Ct. 2201, 26 L.Ed.2d 565, supports our result. There we dealt with a confidential memorandum prepared by the prosecutor and dealing with the defendant, which was submitted to the district court without any disclosure of its contents to defense counsel. After citing Rule 32(c)(2), we declared (422 F.2d at p. 1121):

"Hereafter in this Circuit, however, a trial court shall not consider *in camera* a prosecutor's report about a defendant prior to sentencing or ruling on post-conviction motions unless the pertinent factual information is summarized for or disclosed to defense counsel with appropriate safeguards."

Due to his adversary role, the need for disclosure of a prosecutor's report is greater than the need for a probation officer's report. But the need to protect sources of information is analogous, as is the effect of any errors in the report. We therefore conclude that defendants should normally, subject to the guidelines hereinbefore set out, be advised of material portions of the presentence report.[3] Sentences vacated and cases remanded for further proceedings consistent with this opinion.

JULIUS J. HOFFMAN, Senior District Judge.

I respectfully dissent.

Under the current provisions of Rule 32(c), a convicted defendant has no right to have a presentence report prepared,[1] and in the event one is prepared, the district judge is not required to divulge its contents.[2] Furthermore, a judge's reliance upon a presentence report without disclosing its contents or allowing rebuttal is not a denial of due process. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959).

Disclosure, therefore, involves policy, and whether as a matter of policy the defendant should be accorded some opportunity to see and refute allegations made in a presentence report has been a subject of considerable controversy. See Notes of Advisory Committee on Rules, Fed.R.Crim.P. rule 32, 18 U.S.C.A., Supplementary Pamphlet 1961–70. The practice in federal courts is mixed, with

---

**3.** This opinion and the dissent thereto have been circulated to all judges in regular active service; no judge has requested that the cases be reheard *en banc.*

**1.** Fed.R.Crim.P. 32(c)
 (1) *When Made.* The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs. * * * *

**2.** Fed.R.Crim.P. 32(c)(2).

a substantial minority of judges permitting disclosure while most deny it. See survey prepared for the Judicial Conference of the District of Columbia, as reported in Conference Papers on Discovery in Federal Criminal Cases, 33 F.R.D. 101, 125–127 (1963). See also Gronewold, Presentence Investigation Practices in the Federal Probation System, Fed. Prob., Sept. 1958, pp. 27, 31.

As submitted to the Supreme Court by the Advisory Committee, the 1944 draft of the Criminal Rules provided that the presentence report should be made available to attorneys, parties, and such other persons as the court might designate. In adopting the rules, the Supreme Court struck this provision, and Rule 32(c) was then silent on the point. Thereafter, the courts construed Rule 32(c) to mean that the presentence report was a confidential document that need not be made available to the defendant, and that there was no obligation to allow the defendant to contradict or rebut the findings of the court. See Wright, Federal Practice and Procedure: Criminal § 524, pp. 394–395, Note 44 and cases cited in Notes 45 and 46.

On February 28, 1966, Rule 32(c)(2) was amended by adding the following provision:

> "The court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon."

Although, as this Court suggests, the amendment may have been adopted to encourage disclosure, it is clear that the Supreme Court did not make disclosure mandatory, perhaps because of the ob-

vious necessity for a case-by-case approach in sentencing. The dissolution of the draft amendment in the forms proposed by the Advisory Committee in 1962 [3] and 1964 [4] lends credence to the relative importance of the latter observation. In any event, under Rule 32(c)(2) as finally amended, the district court retained discretion to decide whether disclosure is in fact necessary.

Turning to the present appeals, the Court's opinion would be substantially meaningless (in the current body of law) unless the statement that

> "a district court should hereafter state any grounds in the presentence report motivating the imposition of the sentence"

is seen as mandating that such matters must (not "may") be disclosed to the defendant. Again, in the judgment of the Supreme Court, reasons such as the ones advanced in this Court's opinion have not been deemed sufficient to make disclosure mandatory. Furthermore, the Court states that

> "[i]f the trial judge denies a motion seeking access to a presentence report, he should henceforth make it clear that his sentence determination is not predicated on the contents of the report or describe the substance of any matter he considers significant."

This too must be seen in its mandatory context. If the trial judge's determination is predicated on the contents of the report, the third clause of this statement would require him to disclose those matters which influenced that determination.

In my opinion, it is not this Court's responsibility to determine policy on disclosure. Formulating and urging reforms in the Criminal Rules is the prime

---

3. As proposed in 1962, the amendment would have made it mandatory to disclose a summary of the information in the report. See Preliminary Draft of Proposed Amendments to Rules of Criminal Procedure, December 1962, p. 25.

4. As proposed in 1964, the amendment would have given counsel for the defendant an ab-

solute right to read the report (from which sources of confidential information could be excluded) and to comment thereon. See Second Preliminary Draft of Proposed Amendments to Rules of Criminal Procedure, March 1964, pp. 39–40.

function of the Supreme Court's Advisory Committee on Rules. The means of accomplishing that which the Court here seeks to establish is by Supreme Court adoption of an amendment to the Rules. In fact, the result which this Court seeks would come about immediately (by way of existing due process) upon provision by the Supreme Court of the right to disclosure. To date, however, the Supreme Court has declined to provide that right.

Accordingly, I would affirm the district judge's rulings denying defendants' motions which sought disclosure of the entire contents of the presentence reports.