**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gino ROSCIANO, Defendant-**
**Appellant.**

**No. 73–1666.**

United States Court of Appeals,
Seventh Circuit.

Argued June 13, 1974.

Decided July 18, 1974.

---

Gerald M. Chapman, Themis Anagnost, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Ann P. Sheldon, Gary L. Starkman, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and FAIRCHILD, CUMMINGS, PELL, STEVENS, SPRECHER and TONE, Circuit Judges.

PER CURIAM.

This matter came before us as a result of our May 2, 1974, order granting an en banc rehearing of the panel decision herein reported at 499 F.2d 166. The question involved is whether a district judge, who has not been requested by counsel to do so, is nevertheless required by Rule 32(c)(1) of the present Federal Rules of Criminal Procedure to give explicit reasons for his denial of a presentence report before imposing sentence after considering mitigating factors. The panel decision is not in conflict with any previous decision of this Court.

The function of en banc hearings is not to review alleged errors for the benefit of losing litigants. Western Pacific R. R. Corp. v. Western Pacific R. R. Co., 345 U.S. 247, 256–259, 73 S. Ct. 656, 97 L.Ed. 986; F.R.A.P. 35(b). Even so, it may not be inappropriate to note that after a sentence reduction hearing, defendant was accorded the possibility of immediate parole under 18 U.S.C. § 4208(a)(2). The Government has advised us that on his prison entry, the Parole Board will be given information equivalent to that in a presentence report. Accordingly, the importance of the case even to defendant is reduced.

Barring some Congressional delay, effective August 1, 1974, an amendment to Criminal Rule 32(c)(1) will require presentence reports "unless the court otherwise directs for reasons stated on the record." No decision in this case will control under the proposed rule, so that very few future cases will be affected. Similarly, any decision here will affect few past cases, because Rule 35 imposes a 120-day limitations period on motions to correct sentences imposed in an illegal manner.

Consequently, en banc hearing is not necessary to maintain uniformity of our decisions, and the case is not of exceptional importance. See F.R.A.P. 35(a). We conclude that the rehearing en banc was improvidently ordered. Hence our order of May 2, 1974, is withdrawn.

SWYGERT, Chief Judge (dissenting).

I join in Judge Stevens' dissent from the holding that the en banc rehearing was improvidently ordered. As my Brother demonstrates, the fact that a new national rule governing criminal procedure in the district courts would require reasons for the dispensation of a presentence report may be in the offing or that the Parole Board may ameliorate any injustice visited on Gino Rosciano is a poor excuse for avoiding a frontal examination of the procedure adopted by the judge in this case. In fact, it is no excuse at all because as far as Rosciano is concerned, the new rule will not benefit him and the hope that the Parole Board may rectify any injustice is exactly that, a hope, and not as Judge Stevens so. adequately illustrates, an assurance. Courts should be ever sensitive to the rights and liberties of individuals. Rosciano's liberty is at stake—not the salutary effect of some future rule, nor the suggestion that the Parole Board may right a wrong which may have resulted from what seems to me an extreme disparity of sentences in this case.

STEVENS, Circuit Judge, with whom SWYGERT, Chief Judge, and SPRECHER, Circuit Judge, join, dissenting.*

Sentencing is a critical stage of the criminal process. Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336. We have recently recognized its importance by imposing procedural requirements upon the district courts of this circuit that were not explicitly mandated by any provision of the Federal Rules of Criminal Procedure. United States v. Miller, 495 F.2d 362 (7th Cir. 1974). Before that opinion was released, since it represented a departure from procedures theretofore required in this circuit, the active judges of the court considered whether or not to have the issue argued before the full court. Had there been substantial disagreement among the active judges—as there was in this case—certainly the decision would have been made en banc rather than by a divided three-judge panel.

One may ask why the preparation of a presentence report—or an explanation of why it need not be prepared—is a matter of less importance than its proper use after it has been prepared.

The trial judge must have broad discretion in his performance of the sentencing function. The sentence must do more than fit the crime; it must fit the particular defendant and also, on occasion, the particular moment in history when it is being imposed. It is therefore imperative that sentencing procedures be fair and that they appear to be fair—to the defendant, to those who are deeply interested in his future, and to the public at large. It is that imperative that led the court to hold that normally there must be disclosure of those portions of the presentence report which affect the trial judge's determination. It is of comparable importance to have such a report prepared in the first instance, or to have the record plainly disclose why there is no need for a report in a particular case.

For the reasons set forth in Chief Judge Swygert's dissent from the panel opinion, this record portrays an appearance of manifest unfairness that has not been explained. An explanation might well demonstrate the fairness of both the sentence and the sentencing procedure; but without any explanation, we must be concerned, not merely with the status of this litigant, but with the prac-

---

* Since neither Chief Judge Swygert nor Judge Sprecher was a member of the panel in United States v. Fawcett, their concurrence in this dissent is not intended to express any views with respect to the dissent in that case which is referred to in footnote 4 and attached as an appendix.

tice that may regularly be followed in the district courts of the circuit. I recognize that it would be impossible for a district judge always to give reasons which would satisfy every interested person that a particular sentence or a sentencing procedure is fair,[1] but that acknowledgment does not undermine the importance of developing and adhering to fair procedures.

On the merits, the question raised by this appeal is simply whether a trial judge who determines that he does not need a presentence report should state on the record his reasons for dispensing with it. In years past, when there may have been a greater willingness to assume that a judge's private or *ex parte* deliberations approached the omniscient, the question would readily have been answered in the negative. Today there is a greater awareness of the fact that injustice does occur from time to time in the sentencing process; today the question should clearly be answered affirmatively. Why, then, should we not do so in this case?

First, it is suggested that nothing more than the destiny of one litigant is involved on this appeal. But that is the nature of our adversary system; since the earliest days of the common law, judges have applied and molded rules to resolve controversies between particular litigants. Much of our law, with a special emphasis on its procedures, was evolved through the process of case-by-case adjudication. The fact that an issue is raised by a particular litigant with a stake in the application of a rule is a reason *for,* not against, making a needed change, and, of course, if the law of the circuit is to be changed, it is appropriate that such action be taken by the court sitting en banc.[2]

Second, it is pointed out that neither the panel decision nor the action of the trial judge is in square conflict with any prior decision of this court.[3] If we are dedicated to the proposition that the law shall never be changed, or, more narrowly, that judicial decisions shall never change the law, then that reason is sufficient; indeed, it is sufficient not only to refuse to act en banc, but also to justify disposition of the appeal by an unpublished order.[4] I suggest, however, that the scholarly treatment of the issue in Judge Hastings' original opinion for the panel evidenced an appropriate awareness of the importance of the underlying issue. If we believe that our prior decisions are not only consistent but also correct, nothing further need be said; but if one is persuaded—as I am—that the old rule should be changed, then that consistency is a compelling reason why the matter should be considered by the full court sitting en banc.

Third, reference is made to the proposed amendment to Rule 32(c)(1) of the Federal Rules of Criminal Procedure

1. Advocates and judges soon learn that prose which they find irrefutably convincing may be completely unpersuasive to others.

2. We have not hesitated to use our supervisory power to change procedural rules in the past. See, *e. g.,* United States v. Shapiro, 383 F.2d 680 (7th Cir. 1967) (en banc); United States v. Silvern, 484 F.2d 879 (7th Cir. 1973) (en banc); United States v. Carmichael, 489 F.2d 983 (7th Cir. 1973) (en banc). See also Moody v. United States, 497 F.2d 359 (7th Cir. May 22, 1974), in which an opinion by a panel exercising supervisory power to modify a procedural rule, was circulated to all active judges of the court. See n. 7 therein.

3. The panel decision in this case and the recent decision in *Miller* do, however, point in opposite directions. I do not understand the function of en banc hearings to be limited merely to the resolution of 'diametrically opposed holdings. Such hearings are primarily useful in facilitating the orderly development of a consistent body of jurisprudence.

4. Before this circuit saw fit to change the law applicable to the disclosure of information contained in a presentence report, see United States v. Miller, *supra,* we had dealt with that subject by unpublished order, even when one member of a panel disagreed with his brethren. See United States v. Fawcett, 481 F.2d 1406 (1973). In order to avoid what might otherwise be a violation of subparagraph (4) of our present Circuit Rule 28, I am publishing a copy of my dissent in the *Fawcett* case as an appendix to this opinion. (Such publication is not intended to make that opinion a part of this one.)

which, if it becomes effective on August 1, 1974, will thereafter expressly require the preparation of a presentence report in every case "unless the court otherwise directs for reasons stated on the record." Again, the pendency of this proposed amendment provides strong reason *for*, not against, deciding the issue. If the issue is of sufficient importance to be the subject of an amendment to the Federal Rules of Criminal Procedure, certainly it is also important enough for our en banc consideration. The fact that the collective judgment of the scholars, barristers and judges who have formulated the proposed amendment is in accord with the position of the appellant in this case tends to confirm my appraisal of the merits and lends strong moral support to a change in the law of this circuit. If we should independently reach the same conclusion, such weight as our views may have would, in turn, lend support to the amendment. It may well be true that the amendment will become effective on August 1, 1974, regardless of what action we take; but experience with other such proposals teaches that the expected does not always materialize, and even after an amendment is adopted, it is not necessarily impervious to future change.[5]

Moreover, after the proposed rule does become effective, interpretation of the "reasons stated on the record" requirement will be necessary. In view of what I regard as an incorrect panel conclusion that the record in this case adequately discloses the trial judge's reasons for not ordering a presentence report, I think we should unambiguously hold that the reasons for the trial judge's action must be stated with much greater clarity than they were in this case,[6] and not take the chance that the panel opinion will be treated as justification for only token compliance with the new rule.[7]

Fourth, it is said that the case is not even particularly important to the appellant since the equivalent of the presentence report will be given to the Parole Board although not to the judge. Whatever significance this comment may have must rest on the assumption that the trial judge's participation in the sentencing process is not merely secondary in importance to the function performed by the Parole Board, but indeed of no special importance at all. Arguably the judge should be entirely removed from the sentencing process and either all sentences should be automatically set by legislative mandate or, at the other extreme, they should all be indeterminate and the timing of a prisoner's release should be committed exclusively to the discretion of the executive. Neither of these extremes has been adopted in the federal system. As long as the judge is required to play a critical role in the sentencing process, the procedures which he follows will retain their critical importance.

There is a certain irony in the suggestion that the availability of the equivalent of a presentence report to the Pa-

---

5. The likelihood that an amendment to Rule 11 will become effective on August 1, 1974, did not prevent the court from exercising its supervisory power in Moody v. United States, *supra*, n. 2, decided on May 22, 1974.

6. If the trial judge had thought he was required to state his reasons, I have no doubt that he would have done so clearly and unambiguously in this case. My views about the merits of the procedural issue reflect no disrespect for the way this judge handled the issue in this case because he faithfully followed controlling precedent in this circuit. The fact that an appellate court decision changing a procedural rule results in a reversal of an order entered by a trial judge is a by-product of the judicial process, not an unfavorable comment on the work of the judge.

7. I am also puzzled by the reference to the fact that counsel made no request for a presentence report. If that fact were significant, the panel opinion could have disposed of the appeal without extended discussion of other matters. The proposed amendment to Rule 32(c)(1) does not condition the judge's duty on any request by counsel. Quite clearly, the absence of such a request should be given no significance. But if the point were as clear to my brethren as it is to me, why do they highlight it in stating the question presented?

role Board provides a justification for bypassing the judge. For the Parole Board, which must deal with thousands and thousands of inmates each year, is preoccupied with the problem of disparity; we have been informed that it is in the process of developing administrative rules and forms designed to effectuate the maximum uniformity in the treatment of offenders. One item to which the Board presumably would attach special importance is any action taken by the trial judge at the time of sentencing. If the judge has acted on incomplete information, he has, in effect, been partially blind; there is a risk that an inadvertent error may be compounded by the Parole Board's subsequent reliance on his less than fully informed judgment.

Finally, I note another irony in the suggestion that this case is not really very important to the appellant who is commencing his six-year term in a federal prison. The considerations set forth in the court's per curiam memorandum were all perfectly apparent before we invited appellant to employ counsel to argue the matter before the court sitting en banc. We all took the time to read the briefs, to listen to that argument, and to deliberate about the matter. I am not at all persuaded that our order granting rehearing en banc was entered improvidently; I would agree, however, that the order we enter today merits that characterization. I believe we do this litigant and ourselves an injustice by failing to address an important issue squarely.

### APPENDIX

United States of America,
Plaintiff-Appellee,

v.

Harry R. Fawcett and George Manuel,
Defendants-Appellants.

### ORDER
Nos. 72–1332, 72–1333

\*   \*   \*   \*   \*   \*

### VI.

Before sentencing, Fawcett requested a copy of the presentence report. The request was denied. Appellant argues that although Criminal Rule 32(c)(2)

permits the trial court at its discretion to deny disclosure, non-disclosure violates due process and deprives him of the right to effective counsel because the defense has no way to correct misinformation. Appellant's argument, however, is foreclosed by settled law. See Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337; United States v. Trigg, 392 F.2d 860, 864 (7th Cir. 1968); United States v. Stidham, 459 F.2d 297, 299 (10th Cir. 1972); United States v. McKinney, 450 F.2d 943 (4th Cir. 1971); United States v. Knupp, 448 F.2d 412 (4th Cir. 1971) (en banc); United States v. Queen, 140 U.S.App.D.C. 262, 435 F.2d 66 (1970); Fernandez v. Meier, 432 F.2d 426 (9th Cir. 1970); United States v. Warren, 432 F.2d 772 (5th Cir. 1970); United States v. Baker, 429 F.2d 1344, 1348 (7th Cir. 1970).

The judgment is

Affirmed.

STEVENS, Circuit Judge (dissenting in part).

The majority seems to interpret Williams v. New York, 337 U.S. 241, 69 S. Ct. 1079, 93 L.Ed. 1337, and the many cases which have followed it, as establishing the broad proposition that the trial judge has no obligation to disclose any information contained in a presentence report even though it may be of critical importance in his determination of the sentence. As I read *Williams*, it decides a much narrower issue.

In *Williams* the Court held that the sentencing judge is not limited to the consideration of evidence received in open court or factual matter which would be admissible under accepted rules of evidence. But the Court did not address the narrow question whether the sentencing judge may rely upon critical information about the defendant's past without at least giving him notice of the substance of the matter relied upon. Indeed, it is of interest that in *Williams* the sentencing judge discussed in specific detail the items in the presentence report which had persuaded him to impose the death penalty. See Record 12–20,

Williams v. New York, No. 671, O.T. 1948. And, in defending the fairness of the sentencing procedure before the Supreme Court, the State emphasized the fact that neither the defendant nor his counsel had questioned the accuracy of any of the information in the report:

"It is significant that although the court revealed the foregoing information, neither appellant nor his counsel made any claim that all or any part of it was untrue or inaccurate in the slightest respect. No request was made to be confronted with the witnesses supplying the information. Nor was any request made for an opportunity to offer rebuttal evidence. Since appellant and his counsel remained silent when confronted with the information above related, the court acted on its conclusion to reject the jury's recommendation and imposed the death penalty (R. 20)." Appellee's brief at 6, Williams v. New York, No. 671, O.T. 1948.

The rationale of three other Supreme Court decisions persuades me that the sentencing procedure must avoid the risk that the trial judge has relied upon critical misinformation which the defendant has had no opportunity to contradict or to explain. If the judge regards any information in the presentence report as sufficiently important to affect the sentence, the substance of that information must be disclosed to the defendant or his counsel before sentence is pronounced. I draw that conclusion from the holdings in Mempa v. Rhay, 389 U.S. 129, 88 S.Ct. 254, 19 L.Ed.2d 336; Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690; and Kent v. United States, 383 U.S. 541, 562–563, 86 S.Ct. 1045, 16 L.Ed.2d 84.

*Mempa*, of course, established the basic proposition that sentencing is a critical stage of the criminal prosecution; for that reason, counsel must be provided. Kent reminds us that counsel cannot adequately represent his client unless he is provided with the information on which the trier of facts bases its determination. And in *Townsend* the Court squarely held that the imposition of sentence on the basis of misinformation "which the prisoner had no opportunity to correct [rendered] the proceeding lacking in due process." 334 U.S. at 741, 68 S.Ct. at 1255.

The fundamental elements of due process are required in the sentencing procedure. The most fundamental of all such requirements is adequate notice. Unless the defendant is given an opportunity to correct material misinformation, or to explain facts that might be given improper weight in a secret presentation, he has not had such notice. In my opinion, if a trial judge denies a motion seeking access to a presentence report, he must either make it clear that his sentence determination is not predicated on the contents of the report or describe the substance of any matter he considers significant. In order to avoid the kind of error exemplified by Townsend v. Burke, I believe the Constitution mandates a procedure comparable to that employed by the trial judge in Williams v. New York. It may require more; to the extent that the majority approves anything less, I respectfully dissent.