## JAMES LEMAR MILLER *v.* STATE OF MARYLAND

[No. 479, September Term, 1969.]

*Decided August 12, 1970.*

158

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Henry F. Leonnig* for appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Alfred J. O'Ferrall, III, Assistant Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *John H. Sinclair, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellant, James Lemar Miller, was convicted of assault with intent to maim by a jury sitting in the Circuit Court for Prince George's County and a sentence of five years was imposed.

In this appeal, it is contended; *inter alia,* that the trial judge committed reversible error "in giving *sua sponte* an 'Allen charge' after the jury had deliberated an hour and twelve minutes." We agree.

In the course of the trial, which began at 2:10 p.m. on October 9, 1969, it was brought out that Miller was sitting in a local tavern drinking beer when a man by the name of Hess approached him. An argument concerning Hess's so-called common-law wife then ensued. Miller testified that Hess "accused me of going with his wife." Hess asserted that he simply inquired of Miller "if the

old lady had sent him up there to check on me." Miller testified that Hess "hit me on the side of the jaw." This was denied by Hess who testified that Miller struck him from behind with a glass of beer resulting in a severe laceration of the neck and causing him to fall backward in such a manner as to break his leg.

At the conclusion of the testimony, the jury was given instructions on the law by the trial judge, listened to the arguments of counsel and retired to consider its verdict at 3:28 p.m. According to the record, "at 4:40 o'clock p.m., the jury was returned to the court room and the following proceedings were had:

> THE COURT: Mr. Foreman, the Court observes that you have had this matter under consideration now for about an hour and a half. Do you feel there is any possibility of reaching a decision in the case?
> THE FOREMAN: I think so.
> THE COURT: You, the foreman.
> THE FOREMAN: Yes, I think there is.
> THE COURT: It is a rather simple case. I don't understand the complication. It is not a grave matter that takes days to consider.
>
> Let me remind you, members of the jury, of certain principles regarding the law. You are instructed that there are many cases in which absolute certainty cannot be expected. Although the verdict must be on the verdict of each individual juror as a result of his own convictions and not a mere acquiescence in the conclusion of his fellows, each one of you should examine the questions submitted with candor and with a proper regard and deference to the opinions of the others. It is your duty to decide this case if you can conscientiously do so, and you should listen with a disposition to be convinced to each others arguments. If your views are contrary to those of the vast majority you should consider

whether your views, which make no impression on the minds of so many equally intelligent jurors, are correct.

So you will return to the jury room and deliberate further in the light of these additional instructions."

The circumstances under which recourse to the so-called Allen charge[1] may be deemed appropriate have been reviewed by this Court on a number of occasions: *Fletcher v. State*, 8 Md. App. 153; *Plumley v. State*, 4 Md. App. 671; *Stewart v. State*, 4 Md. App. 565. In *Fletcher, supra,* we examined, at some length, the rationale of the charge and the propriety of its use under a given factual situation. We explicitly cautioned that "it should be resorted to with care, restraint, and circumspection." We pointed out that the *sine qua non* of resort to the charge is a confrontation with an "unagreed jury", the lack of agreement to be ascertained either in a direct communication to the trial judge from the jury or on the basis of an excessive length of time consumed by the jury in its deliberations.

Even where employment of the Allen charge appears justified, it must be couched in language and delivered in a manner to avoid "savoring of undue pressure or coercion to reach a verdict." As stated in 1 Branson's *Instructions to Juries* (3rd. Ed. A. Reid 1960 Repl.) pp. 149-150:

"But as the exclusive right to agree or not to agree rests with the jury, the judge must not by threat or entreaty attempt to coerce a verdict or to exert his authority to force an agreement; nor must he under any circumstances or in any manner indicate the character of verdict that the jury should return."

It is apparent that there was a total failure on the part of the presiding judge to adhere to these admonitions.

---

1. The name of the charge stems from *Allen v. United States* 164 U. S. 492 (1896).

The court was not confronted with an "unagreed jury" since the foreman specifically asserted to the contrary. Resort to the Allen charge was therefore inappropriate. But even if the circumstances warranted the charge, the trial judge did not confine his statement to that embodied in the approved Allen charge. He prefaced it with the comment: "It is a rather simple case. I don't understand the complication. It is not a grave matter that takes days to consider." In a situation where a jury had been deliberating a shadow over one hour, we think these remarks, whether intended or not, were demeaning and coercive. We are of the opinion, therefore, that resort to the charge here was error and that the error was compounded by the remarks employed to embellish the language of the charge heretofore approved. We are keenly aware of the desirability of expediting the trial of cases but fairness in the trial of a criminal case can never be sacrificed for the sake of expedition.

Although other issues were raised by the appellant, we deem it unnecessary to pass upon them in view of our holding.

*Judgment reversed and case*
*remanded for a new trial.*