**UNITED STATES of America,
Appellee,**

v.

**Elizabeth MARTINEZ, Defendant-
Appellant.**

**No. 1023, Docket 71-1121.**

United States Court of Appeals,
Second Circuit.

Argued June 29, 1971.

Decided July 15, 1971.

Phylis Skloot Bamberger, The Legal Aid Society, New York City (Robert Kasanof and Robert Hermann, New York City, on the brief), for appellant.

Elliot G. Sagor, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, and Harold F. McGuire, Jr., Asst. U. S. Atty., New York City, on the brief), for appellee.

Before MOORE, FEINBERG and MANSFIELD, Circuit Judges.

FEINBERG, Circuit Judge:

Elizabeth Martinez appeals from a judgment of conviction for bank robbery in violation of 18 U.S.C. § 2113(a), (f) entered in the Southern District of New York after a jury trial held before Irving Ben Cooper, J. The only issue raised on appeal is whether the trial judge erred in giving a supplemental charge, the so called "Allen" charge, on his own initiative. For reasons explained below, we affirm the conviction.

Appellant was indicted on two counts. The first count charged her with the robbery of the Prudential Savings Bank on August 28, 1970, and the second charged the attempted robbery of the

---

National Bank of North America on August 31, 1970. The trial, up to the point of the judge's charge, while not lengthy, was spread out over three days.[1] On the morning of the fourth day Judge Cooper charged the jury and they began their deliberations at 2:40 that afternoon. At 6:00 P.M. after listening to a re-reading of pertinent testimony, they went home for the evening. When the jury returned the next morning, Judge Cooper delivered what is commonly known as the "Allen" charge. See Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L. Ed. 528 (1896). There had been no indication from the jury that they were deadlocked and neither party had requested a supplementary charge. Nor did appellant object to the supplementary charge either before or after it was delivered. The jury returned to its deliberations and at 2:15 P.M. that same day, the jury sent a note to Judge Cooper stating that they could agree on one count but could not agree on the other. After discussion with counsel, Judge Cooper asked the jury to consider whether further deliberation might produce a verdict. About an hour later, the jury answered in the negative and the verdict, guilty on the first count, and a deadlock on the second, was taken by the court.

Appellant recognizes that this Circuit has approved the language used by Judge Cooper, see, e. g., United States v. Hynes, 424 F.2d 754 (2d Cir.), cert. denied, 399 U.S. 933, 90 S.Ct. 70, 26 L.Ed. 2d 804 (1970), but contends that the timing of the charge requires reversal in this case. She argues that when the initiative for the "Allen" charge comes not from the jury but rather from the judge, giving the charge only after approximately three hours of deliberation is unduly coercive and, therefore, reversible error. Appellant's theory apparently is that when the "Allen" charge is given after a jury has had an opportunity to debate and to divide into factions but before they have deadlocked, it implies that the judge has definite feelings about the defendant's guilt.

We are not persuaded by this argument. We do not agree that before, rather than after, reaching a deadlock, a jury will be more likely to infer from an "Allen" charge that the judge believes the defendant to be guilty. If anything, it is more probable that the reverse is true. Before deadlock, there is no basis for any juror to feel that the judge is aware of the existence of a "minority" faction in the jury room and is addressing his remarks particularly to them. See United States v. Seasholtz, 435 F.2d 4, 7 (10th Cir. 1970). This Circuit, moreover, has held that an "Allen" charge is acceptable not only when the jury has informed the judge that it cannot agree, United States v. Hynes, *supra*, but also when the judge has inadvertently learned that the jury was deadlocked 11 to 1 in favor of conviction, United States v. Meyers, 410 F.2d 693 (2d Cir.), cert. denied, 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 86, rehearing denied, 396 U.S. 949, 90 S.Ct. 371, 24 L. Ed.2d 255 (1969). We recognize that in recent years the traditional "Allen" charge has received criticism from both judges, see, e. g., United States v. Sawyers, 423 F.2d 1335, 1344 (4th Cir. 1970) (dissenting opinion); Thaggard v. United States, 354 F.2d 735, 739 (5th Cir. 1965) (concurring opinion); Huffman v. United States, 297 F.2d 754, 755 (5th Cir. 1962) (opinion dissenting in part), and commentators, see, e. g., 2 C. Wright, Federal Practice and Procedure (Criminal) § 502, at 360 (1969); Comment, On Instructing Deadlocked Juries, 78 Yale L.J. 100 (1968); Note, Due Process, Judicial Economy and the Hung Jury: A reexamination of the Allen Charge, 53 Va.L.Rev. 123 (1967), and that some jurisdictions forbid its use entirely see, e. g., United States v. Thomas, 39 L.W. 2306 (D.C.Cir. Nov. 6, 1970); United States v. Fioravanti, 412 F.2d 407, 414–420 (3d Cir.), cert. denied *sub nom.*, Panaccione v. United States,

---

1. In the mornings, Judge Cooper was presiding over the Criminal Calendar Part of the district court. In the afternoons, he conducted the trial.

396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969); State v. Thomas, 86 Ariz. 161, 342 P.2d 197 (1959). Nevertheless, since we reexamined our position on use of the "Allen" charge little over a year ago, we do not think it is appropriate now to reconsider it. However, we note that, despite the distinguished criticism, our view that the "Allen" charge is not necessarily coercive is by no means unique. See, e. g., United States v. Sawyers, *supra*; United States v. Barnhill, 305 F.2d 164 (6th Cir.), cert. denied, 371 U.S. 865, 83 S.Ct. 126, 9 L.Ed. 2d 102 (1962).

Moreover, most of the criticism about the "Allen" charge is not directed toward the use of any charge when a jury is deadlocked but only toward specific language of the traditional charge, for example, that which is said by some to imply that the majority view is somehow more correct than that of the minority or that the case must only be decided either by acquittal or conviction. See United States v. Sawyers, *supra*, 423 F. 2d at 1344 (dissenting opinion); Huffman v. United States, *supra*, 297 F.2d at 755 (opinion dissenting in part); Comment, On Instructing Deadlocked Juries, *supra*, at 136–142; A.B.A. Project on Minimum Standards for Criminal Justice, Trial by Jury § 5.4 at 145–56 (1968). Appellant refers us to one case, Miller v. Maryland, 10 Md. 157, 268 A.2d 596 (Md.Ct.Spec.App.1970), holding that the *sua sponte* giving of an "Allen" charge is coercive. We agree that the *Miller* case is not fairly distinguishable from this case, but in light of the decisions of other circuits apparently or explicitly upholding the practice, United States v. Seasholtz, *supra*; United States v. Brown, 411 F.2d 930, 932 (7th Cir. 1969), cert. denied, 396 U.S. 1017, 90 S.Ct. 578, 24 L.Ed.2d 508 (1970); Thaggard v. United States, *supra*, 354 F.2d at 738–739 n. 2; Orton v. United States, 221 F.2d 632, 635 (4th Cir.), cert. denied, 350 U.S. 821, 76 S.Ct. 47, 100 L.Ed. 734 (1955), and our own precedents regarding use of the "Allen" charge generally, we decline to follow it. Nor is our decision in this case affected by the fact that the charge was given after only three hours of deliberation. We have said before that we would not place an arbitrary time limit on how long a jury must deliberate before an "Allen" charge is appropriate. United States v. Hynes, *supra*, 424 F.2d at 757–758.

 The Government argues that the supplemental charge did not coerce the jury because the second count was obviously the one that was giving the jury difficulty and they never did agree as to that. The Government is probably correct, but we cannot be sure. The real point is that the district court did not abuse its discretion by giving the "Allen" charge when it did, and we so hold. In any event, without an objection by appellant after the charge was given,[2] we cannot say that the district court committed plain error. United States v. Chaplin, 435 F.2d 320, 323 (2d Cir. 1970). Accordingly, the judgment of conviction is affirmed.

---

2. We assume, an appellant claims, that she had no adequate chance to object before.