UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

AARON KEITH BLACKNELL,
    *Defendant-Appellant.*

No. 01-4199

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

AARON KEITH BLACKNELL,
    *Defendant-Appellant.*

No. 01-4205

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-250, CR-00-251)

Submitted: August 28, 2001

Decided: October 24, 2001

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James R. Van Camp, VAN CAMP, MEACHAM, & NEWMAN,
P.L.L.C., Pinehurst, North Carolina, for Appellant. Benjamin H.

White, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

In these consolidated appeals, Aaron Keith Blacknell appeals his convictions and sentence for two counts of bank robbery, two counts of bank robbery by use of a dangerous weapon, and two counts of carrying and using a firearm during a crime of violence. Blacknell argues that: (1) the district court erred in the preliminary instructions given to the potential jury and the instructions on reasonable doubt given to the jury at the end of the first trial; (2) the evidence at both trials was insufficient to sustain the convictions; (3) the district court gave the jury a modified *Allen** charge prematurely during the first trial; (4) the district court improperly denied a motion for a continuance at the second trial; (5) the district court erred by admitting evidence of the first bank robbery at the second trial; and (6) the district court erred by allowing a Government rebuttal witness to testify out of order. Finding no reversible error we affirm.

Because Blacknell did not object to the challenged jury instructions, we review for plain error. Under the plain error standard, Blacknell must show that: (1) there was error; (2) the error was plain; and (3) the error affected substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). If the three elements are met, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). We find there was no error in the challenged instructions, much less plain error.

*Allen v. United States*, 164 U.S. 492 (1896).

We have reviewed the record in the light most favorable to the Government to determine if there is substantial evidence to support the convictions. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the Government is allowed the benefit of all reasonable inferences from the facts proven to those sought to be established. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). We do not review the credibility of witnesses and we assume the jury resolved all contradictions in the evidence in the Government's favor. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). The testimony of a defendant's accomplices, standing alone and uncorroborated, can provide an adequate basis for conviction. *United States v. Burns*, 990 F.2d 1426, 1439 (4th Cir. 1993). We find there was sufficient evidence to support the convictions.

We further find the district court did not give the jury a premature *Allen* charge. *See, e.g.*, *United States v. Martinez*, 446 F.2d 118, 120 (2d Cir. 1971) ("we [will] not place an arbitrary time limit on how long a jury must deliberate before an *Allen* charge is appropriate"). Nor did the court abuse its discretion by denying Blacknell's motion for a continuance in order to substitute counsel. *United States v. Corporan-Cuevas*, 35 F.3d 953, 956 (4th Cir. 1994); *United States v. Gallop*, 838 F.2d 105, 107-08 (4th Cir. 1988).

In addition, we find the district court did not abuse its discretion by admitting evidence regarding the first bank robbery at the second trial. *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990). Finally, we find the court did not abuse its discretion by permitting a Government rebuttal witness to testify out of order.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*