13-379-cr
*United States v. Barner*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand fourteen.

PRESENT:    ROBERT D. SACK,
            DEBRA ANN LIVINGSTON,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

    -v-                                             No. 13-379-cr

JIMMY LEE BARNER,

                        *Defendant-Appellant*.

_____

                              TIMOTHY P. MURPHY (Herbert L. Greenman, *on the brief*), Lipsitz Green Scime Cambria, LLP, Buffalo, NY, *for Defendant-Appellant*.

                              JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY, *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jimmy Lee Barner appeals from a judgment of the United States District Court for the Western District of New York (Judge Billy Roy Wilson, of the Eastern District of Arkansas, sitting by designation), entered January 22, 2013. Barner was convicted of a single count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), for which he is currently serving a sentence of 100 months in prison. Barner challenges the jury instructions and an *Allen* charge[1] delivered by the district court, argues that the evidence was insufficient to support his conviction, and further contends that his trial was subject to several other procedural errors that undermine his conviction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented on appeal.

**I. Jury Instructions**

The first set of arguments that Barner advances concern jury instructions that his counsel proposed but that were not included in the district court's charge to the jury. "We review a jury instruction challenge *de novo*, but we will reverse only where the charge, viewed as a whole, demonstrates prejudicial error." *United States v. Coppola*, 671 F.3d 220, 247 (2d Cir. 2012); *see also United States v. Sabhnani*, 599 F.3d 215, 237 (2d Cir. 2010) ("A defendant challenging a jury instruction as erroneous must show both error and ensuing prejudice." (internal quotation marks omitted)). We "do not review a jury charge on the basis of excerpts taken out of context, but in its entirety, to determine whether considered as a whole, the instructions adequately communicated the essential ideas to the jury." *Sabhnani*, 599 F.3d at 237 (citation and internal quotation marks

---

[1] *See Allen v. United States*, 164 U.S. 492, 501-02 (1896).

omitted). "A conviction will not be overturned for refusal to give a requested charge . . . unless that [requested] instruction is legally correct, represents a theory of defense with basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge." *United States v. Stewart*, 433 F.3d 273, 310 (2d Cir. 2006) (alteration and omission in original) (internal quotation marks omitted).

## A. Mere Presence or Association

Barner's first challenge concerns the district court's decision not to specifically instruct the jury that neither Barner's presence near the storage room where the firearms were discovered nor his association with persons who owned or controlled the weapons provides a legally sufficient basis on which the jury could convict him. Barner's proposed instruction, however, was unnecessary in context here: the district court made clear in its instruction regarding possession that, even for purposes of constructive possession, a person must have "both the power and intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons." This instruction properly precluded the jury from finding possession simply by virtue of Barner's proximity to the weapons or association with others who controlled them. Therefore, we conclude that the addition of Barner's proposed language to the charge was not necessary and would not have "le[d] to acquittal." *Stewart*, 433 F.3d at 310. Accordingly, we reject Barner's challenge on this ground.

## B. Other Instructions

Barner next challenges the charges regarding possession and intent delivered by the district court, but his argument is meritless. He has identified no error in the district court's instructions. The charges that the district judge gave on these points included the same elements as Barner's

requested charge, often using very similar language. For instance, the district court's possession charge – much like Barner's requested charge – included definitions of sole and joint possession and stated that a defendant must have the "power and intention" to exercise control over an object in order to possess it.

We also reject Barner's contention that the district court incorrectly refused to deliver other jury instructions that his counsel proposed. Some of these instructions would simply have been duplicative of instructions that did appear in the charge: for instance, Barner says that the court erroneously did not deliver his "indictment is not evidence" charge, but the court explicitly told the jury that "an indictment is simply an accusation. It is not evidence of anything." The other proposed charges simply were not necessary, in this case, to "adequately communicate[] the essential ideas to the jury." *Sabhnani*, 599 F.3d at 237 (internal quotation mark omitted). Accordingly, we detect no error in the district court's decision to omit the remaining instructions.

**II. *Allen* Charge**

Barner argues that the district court erred in its delivery of an *Allen* charge to the jury. He contends that the charge was coercive because it did not contain his proposed language, which he says would ensure that the jurors' votes reflected their own conscientiously held beliefs, and because the judge delivered the charge *sua sponte* and in the absence of a note from the jurors stating that they were deadlocked.

We review a district court's decision to give an *Allen* charge for abuse of discretion. *United States v. Vargas-Cordon*, 733 F.3d 366, 377 (2d Cir. 2013). Our analysis of whether an *Allen* charge is proper "hinges on whether it tends to coerce undecided jurors into reaching a verdict – that is, whether the charge encourages jurors to abandon, without any principled reason, doubts that any

4

juror conscientiously holds as to a defendant's guilt." *Id.* (quoting *United States v. Melendez*, 60 F.3d 41, 51 (2d Cir. 1995)) (internal quotation marks omitted). We conduct the analysis of the "potential coercive effect" of an *Allen* charge "in its context and under all the circumstances." *Spears v. Greiner*, 459 F.3d 200, 205 (2d Cir. 2006) (quoting *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988)) (internal quotation marks omitted). Even a modified *Allen* charge that omits language admonishing jurors not to give up their conscientiously held beliefs is permissible, we have held, where the district court made clear, in context, that the jurors should retain their own opinions and that they were not *required* to reach a verdict. *See id.* at 206.

We conclude that the charge here was not coercive "in its context and under all the circumstances." *Id.* The district court's instruction included the following excerpt, which urged the jurors to retain their own beliefs in deliberating to reach a verdict:

> [I]t is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course, you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself, but you should do so only after consideration of the evidence with your fellow jurors.

Moreover, beyond instructing jurors not to surrender their convictions, the district court also told them to "take all the time that you feel is necessary" to come to a verdict, and stated that "a hung jury is an acceptable option" if it was not possible to reach an agreement as to the verdict. Thus, we conclude that the additional language that Barner's counsel requested was unnecessary due to the cautions contained in the district court's instructions.

Furthermore, the jurors continued to deliberate for about two hours after receiving the *Allen* charge, and during that time, they sent notes asking to review testimony and several pieces of evidence presented during the trial. The continuation of deliberations for some period of time after

5

the *Allen* instruction tends to indicate that the charge was not coercive. *See Vargas-Cordon*, 733 F.3d at 378; *Spears*, 459 F.3d at 206-07. Nor is our conclusion altered by the fact that the district court delivered the *Allen* charge *sua sponte*: we have previously held that the *sua sponte* delivery of an *Allen* charge is not coercive on this basis alone. *See United States v. Martinez*, 446 F.2d 118, 120 (2d Cir. 1971). On the whole, we hold that the district court did not abuse its discretion in giving the *Allen* charge, and we reject Barner's contention that the instruction was coercive.

### III. Sufficiency of the Evidence

Barner argues that there was insufficient evidence to convict him of the possession of the firearms and ammunition beyond a reasonable doubt. We disagree. On a challenge to the sufficiency of the evidence in a criminal case, we "draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011). We "must sustain a jury verdict 'if *any* rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt.'" *United States v. Wexler*, 522 F.3d 194, 207 (2d Cir. 2008) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in *Jackson*).

"It is not necessary for a defendant to touch or exercise *exclusive* control over contraband to possess it." *United States v. Rios*, 856 F.2d 493, 496 (2d Cir. 1988) (per curiam) (emphasis in original). Rather, a possession conviction can be upheld if there is proof of constructive possession – that is, if the jury had before it evidence that the defendant had "the power and the intention at a given time to exercise dominion and control over" the item. *United States v. Chavez*, 549 F.3d 119, 129 (2d Cir. 2008) (holding that there was sufficient evidence of constructive possession of a firearm to support a conviction under 18 U.S.C. § 924(c)(1)(A)). However, a defendant's "[m]ere presence

6

at the location of contraband" cannot establish unlawful possession. *United States v. Rodriguez*, 392 F.3d 539, 548 (2d Cir. 2004) (internal quotation marks omitted).

Our review of the facts adduced at trial leads us to conclude that the evidence contained sufficient indications of Barner's "dominion and control" over the firearms in the storage room to support the conviction.[2] *Rios*, 856 F.2d at 496. Testimony at trial established that the key to the storage room was found on Barner's person shortly before the search, that parole officers found mail and other possessions on which Barner's name appeared inside the storage room, and that the door to the storage space was about ten feet away from Barner's own apartment door. Drawing all inferences in the government's favor, these facts support the jury's finding that Barner had sufficient control over the storage room and the firearms and ammunition therein to support his weapons possession conviction.[3] Thus, because a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *United States v. Bullock*, 550 F.3d 247, 251 (2d Cir. 2008) (internal quotation marks omitted), we reject Barner's argument that the evidence was insufficient.

**IV. Courtroom Closure**

Barner also argues, based on the affidavit of the Federal Defender for the Western District of New York – who was not involved in Barner's defense – that the courtroom was improperly

---

[2] Some of the evidence that Barner possessed the firearms underlying his conviction may be circumstantial, but such evidence is no less valid than direct evidence. *See United States v. Espaillet*, 380 F.3d 713, 719 (2d Cir. 2004) (stating that circumstantial evidence "is of no less intrinsic worth than direct evidence and, indeed, circumstantial evidence alone may support a guilty verdict").

[3] The jury considered and rejected the theory, urged by Barner's counsel in his summation, that the evidence proving Barner's control of the storage room and possession of the weapons was lacking.

7

closed during trial and that the district court erred by not ordering a hearing on this issue. We reject this claim as well. A criminal defendant has a constitutional right to a public trial, but this right "is not absolute." *United States v. Gupta*, 699 F.3d 682, 686-87 (2d Cir. 2012). To determine whether a courtroom closure violated a defendant's right to a public trial, the court considers "whether the closure subverts the values the drafters of the Sixth Amendment sought to protect: '1) to ensure a fair trial; 2) to remind the prosecutor and judge of their responsibility to the accused and the importance of their functions; 3) to encourage witnesses to come forward, and 4) to discourage perjury.'" *Smith v. Hollins*, 448 F.3d 533, 540 (2d Cir. 2006) (quoting *Peterson v. Williams*, 85 F.3d 39, 43 (2d Cir. 1996)). In this case, Barner has not shown that his Sixth Amendment right was violated by a courtroom closure, nor that a hearing was required.

The federal defender's affidavit states that she found the courtroom locked when she came to the courthouse "sometime later in the morning" of September 21, 2012. She was informed by a court security officer that testimony was ongoing, but made no further effort to ascertain whether this was the case. In fact, no testimony was taken that day. The chronology reflected in the trial transcript shows that, early on the morning of September 21, the parties held their final conference on the jury charge, and starting shortly after 9:00 a.m., the jury was charged and the parties gave their closing arguments. The jury began deliberating at some point shortly before 10:46 a.m., and after that point the court was in recess until early in the afternoon, when the court received a question from the jury. We conclude that, on this record, Barner has failed to show any improper courtroom closure implicating the Sixth Amendment right to a public trial – that is, he has not demonstrated that there was any ongoing proceeding in the courtroom at the time it was allegedly closed.

8

**V. Jury Unanimity**

The final issue that Barner presents for our review is the district court's refusal to deliver an instruction requiring the jurors unanimously to determine that Barner illegally possessed at least one of the particular firearms or rounds of ammunition seized from the storage room. Usually, however, a "general instruction on unanimity is sufficient to insure that such a unanimous verdict is reached" as to the factual basis for a conviction, "except in cases where the complexity of the evidence or other factors create a genuine danger of jury confusion." *United States v. Schiff*, 801 F.2d 108, 114-15 (2d Cir. 1986); *see also Richardson v. United States*, 526 U.S. 813, 817 (1999) (stating that although "a jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element," it "need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element"). Here, the district court instructed the jury that its verdict must be unanimous, and the evidence as to possession was the same for all of the firearms and ammunition underlying the indictment. There is no reason to believe that the jurors could have disagreed as to the factual predicate for Barner's conviction, and accordingly, we see no error in the district court's refusal to charge the jury more specifically on unanimity.

\* \* \*

We have considered all of Barner's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9