**Conrad PETER, Appellant in No. 88–3797**

v.

**HESS OIL VIRGIN ISLANDS CORP., Appellant in No. 88–3798.**

**Nos. 88–3797, 88–3798.**

United States Court of Appeals, Third Circuit.

Aug. 17, 1990.

---

Before HIGGINBOTHAM, STAPLETON, and SCIRICA, Circuit Judges.

### SUR PETITION FOR PANEL REHEARING

The petition for rehearing filed by Appellant, Conrad Peter, in the above-entitled case having been submitted to the judges who participated in the decision of this court and no judge who concurred in the decision having asked for rehearing, the petition for rehearing is denied.

### STATEMENT SUR DENIAL OF PETITION FOR PANEL REHEARING

This matter comes before us again upon the petition of the plaintiff Conrad Peter for rehearing of this appeal before the panel. Upon the initial hearing of this matter, we held that Peter could not recover a common law tort verdict under Virgin Islands law against Hess because such a remedy was preempted by the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq. See Peter v. Hess Oil Virgin Islands Corp.,* 903 F.2d 935 (3d Cir.1990). In support of his present petition, Peter raises for the first time on appeal the argument that LHWCA does not apply to the territorial waters of the Virgin Islands.

The plain language of LHWCA, 33 U.S.C. §§ 903(a), 902(8), (9), extends the Act's coverage to the waters of United States territories. The Virgin Islands are a territory of the United States. 48 U.S.C. § 1541(a); *Cf. Sarauw v. Oceanic Navigation Corp.,* 655 F.2d 526 (3d Cir.1981) (affirming a verdict under LHWCA, 33 U.S.C. § 905(b), awarded to a dockworker injured on a gangway connecting a ship to the dock at Hess' St. Croix refinery). Based on this fact and the absence of any argument to the contrary in the briefing, we assumed in our opinion that Peter's alleged injury was compensable under LHWCA. However, Peter has now produced for us a number of letters and memoranda written by employees of the Office of Workers' Compensation Programs ("OWCP"), the office to which the Secretary of Labor has delegated his statutory authority to administer LHWCA, interpreting LHWCA as not applying to the territorial waters of the Virgin Islands.[1] Peter insists that we must give deference to this interpretation.[2] *Phillips v. Marine Concrete Structures, Inc.,* 877 F.2d 1231 (5th Cir.1989) (deference is owed to the Director of OWCP's interpretation of LHWCA), *vacated on oth-*

---

1. This view is based primarily on the fact that the Virgin Islands were a possession rather than a territory at the time LHWCA was originally enacted.

2. While we expressly decline to express an opinion on whether LHWCA covers the territorial waters of the Virgin Islands, we note the absence of any evidence or representation that the OWCP has failed to process a claim for LHWCA benefits originating in the Virgin Islands. To the contrary, Hess has filed affidavits and other evidence indicating that the OWCP has processed several LHWCA claims filed by Hess employees injured at Hess' refinery in the Virgin Islands, and that Hess has paid LHWCA benefits to these employees. Indeed, the OWCP threatened on one occasion to assess a civil penalty against Hess under LHWCA, 33 U.S.C. § 930(e), because Hess had failed to submit a timely report about an injury to a Hess worker which occurred at its St. Croix refinery and was said to be within the purview of LHWCA. Nevertheless, it appears true that at least the *declarations* of the OWCP and its predecessor have not been altogether consistent. Clarification of the agency's position on this issue would go a long way towards alleviating the resulting uncertainty that has been created for employers and employees in the Virgin Islands.

*er grounds*, 895 F.2d 1033 (5th Cir.1990) (en banc).

We decline to grant panel rehearing to address this argument at this juncture of the litigation. Peter raised his argument about the applicability of LHWCA to the Virgin Islands in the district court, but he did not do so before this court. He was required to do so if he wished this court to address that argument. *See* F.R.App.P. 28(b) (appellee's brief on appeal shall adhere to F.R.App.P. 28(a)(4) and "contain the contentions of the [appellee] with respect to the issues presented" on appeal); *In re Sugar Antitrust Litigation*, 579 F.2d 13, 20 (3d Cir.1978) (refusing to grant rehearing to deal with issues not raised in the district court or briefed on appeal); *see also, Lowry v. Bankers Life and Casualty Retirement Plan*, 871 F.2d 522, 525 (5th Cir.1989) (refusing to address an argument made for the first time in an application for rehearing), *cert. denied,* — U.S. —, 110 S.Ct. 152, 107 L.Ed.2d 111 (1989); *Dean v. Dean*, 837 F.2d 1267 (5th Cir.1988) (same); *Rodriquez de Quinonez v. Perez*, 596 F.2d 486, 492 (1st Cir.1979) (refusing to grant rehearing where there was no excuse for counsel's failure to raise a legal argument at the proper time), *cert. denied*, 444 U.S. 840, 100 S.Ct. 78, 62 L.Ed.2d 51 (1979); *Jamestown Farmers Elevator, Inc. v. General Mills*, 552 F.2d 1285, 1294–95 (8th Cir.1977) (refusing to entertain an argument first raised in a petition for rehearing). Furthermore, Peter's counsel has proffered no legitimate excuse for failing to raise this argument in a timely manner, and contrary to his assertions, this argument does not implicate the subject matter jurisdiction of this court. We have jurisdiction to decide this appeal without regard to whether LHWCA applies or does not apply to the territorial waters of the Virgin Islands. *See* 28 U.S.C. § 1294(3). In these circumstances, we refuse to delay the disposition of other appeals by granting panel rehearing to address this tardily raised contention.[3]

**3.** We have considered Peter's other grounds for seeking rehearing before the panel and find that

As the petition for panel rehearing filed by Conrad Peter in this appeal has been submitted to the judges who participated in the decision of this court and no judge who concurred in the decision has asked for rehearing, Peter's petition for panel rehearing will be denied. By separate order, Peter's petition for rehearing in banc has also been denied.

they do not justify a rehearing before the panel.