**HM HOLDINGS, INCORPORATED,**
Plaintiff–Appellee,

v.

**Sharyn L. RANKIN, as Personal Representative of the Estate of Robert S. Rankin, Deceased, Defendant–Appellant.**

No. 94–3533.

United States Court of Appeals,
Seventh Circuit.

Dec. 22, 1995.

Gerald B. Lurie (Submitted), Janice Duban, Rudnick & Wolfe, Chicago, IL, Daniel W. Glavin, Andrew J. Fetsch, Beckman, Kelly & Smith, Hammond, IN, for Plaintiff–Appellee.

William J. Moran, Leonard M. Holajter, Blackmun, Bomberger & Moran, Highland, IN, for Defendant–Appellant.

Before CUMMINGS, FLAUM and MANION, Circuit Judges.

On Petition for Rehearing En Banc

PER CURIAM.

In her original appeal to this Court, Rankin argued first that the presence of contamination on land her late husband had purchased prevented him from receiving "merchantable title" and, second, that the "AS IS, WHERE IS" clause in the real estate contract was not a proper defense to her fraud claim, which was also based on the presence of contamination. In an opinion dated November 14, 1995, we concluded that the district court properly entered judgment against Rankin. *HM Holdings, Inc. v. Rankin,* 70 F.3d 933 (7th Cir.1995). Both issues were governed by Indiana law. Rankin now petitions this Court to grant a rehearing en banc on the following basis:

> Rankin urges this Court to grant a rehearing in banc because in today's environmentally sensitive world the issue of "merchantable title" to real estate and how it is practically affected by the presence of contamination on that real estate is of great importance to every seller, purchaser, mortgagee, and title insurance company and is an issue which will continually reappear in future real estate transactions. This is indeed a private matter, as are most disputes, but it is also one of great public import. (Pet. at 1).

Given the overwhelming workload of federal courts and the extraordinary circumstances necessary to warrant reconsideration en banc, the irresponsibility of Rankin's petition cannot go unnoticed. Rankin's counsel must have been aware that the standards for granting rehearings en banc are strict. Seventh Circuit Rule 40(c) provides:

· **Required Statement for Suggestion of Rehearing In Banc.** Suggestions that an appeal be reheard in banc shall state in a concise sentence at the beginning of the petition why the appeal is of exceptional

importance or with what decision of the United States Supreme Court, this court, or another court of appeals the panel decision is claimed to be in conflict.

Nowhere in the petition for rehearing does Rankin claim that the panel decision conflicts with decisions of other federal courts, much less with Indiana courts. Thus Rankin must assert in the Required Statement that the issue is of "exceptional importance." The petition is utterly devoid of any such assertion. Nowhere does Rankin attempt to explain why the presence of contamination in "today's environmentally sensitive world" has a practical effect on "the issue of 'merchantable title,'" nor is it intuitively obvious. Such a statement is particularly important where the petition points to no contrary case law, nor any other authority that disagrees with the panel's decision. The petition does not even demonstrate that the issue Rankin wants reviewed en banc is a widely discussed topic, much less a controversial one. We are simply unable to infer "exceptional importance" from the petition. Further, and perhaps most revealing, the petition presents only issues of state law. As such petitioners had an added burden to explain why an issue of Indiana law was of such exceptional importance that it warranted review en banc in a federal court, the decision of which would not even be binding on Indiana courts. A purely state law issue would need to have national significance to warrant such review. See, e.g., *Todd v. Societe Bic, S.A.*, 21 F.3d 1402 (7th Cir.1994) (en banc), *certiorari denied*, —— U.S. ——, 115 S.Ct. 359, 130 L.Ed.2d 312; *Todd v. Societe BIC, S.A.*, 9 F.3d 1216 (7th Cir.1993) (en banc).

Rankin makes no effort to fit her petition within the criteria for en banc review. The only basis for the petition is that Rankin prefers this Court to find in her favor. But the "function of en banc hearings is not to review alleged errors for the benefit of losing litigants." *United States v. Rosciano*, 499 F.2d 173, 174 (7th Cir.1974) (citing *Western Pac. R.R. Corp. v. Western Pac. R.R. Co.*, 345 U.S. 247, 256–259, 73 S.Ct. 656, 660–662, 97 L.Ed. 986 (1953)); see also *Roberts v. Sears, Roebuck & Co.*, 723 F.2d 1324, 1348 (7th Cir.1983) (en banc) (separate opinion of Posner, J.) (noting that en banc hearings are granted rarely because doing so "imposes a heavy burden on an already overburdened court"). The petition for re-hearing is denied. In the future this Court will impose sanctions on parties or counsel filing similarly irresponsible petitions.