## In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-1646

CYNTHIA EASLEY, Individually and
as Administrator of the Estate of
CHRISTOPHER B. EASLEY, Deceased,

*Plaintiff-Appellant*,

*v.*

MICHAEL B. REUSS, Sergeant,

*Defendant-Appellee*.

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 02 C 1065—**Thomas J. Curran**, *Judge.*

———————

ON PETITION FOR REHEARING

———————

JULY 3, 2008

———————

Before COFFEY, RIPPLE and KANNE, *Circuit Judges.*

PER CURIAM. We grant the petition for rehearing to cure an administrative error: The order of September 14, 2007, was inadvertently issued without the final approval of all members of the panel. All of the panel members hereby adopt and approve the order issued on September 14, 2007.

In her petition for rehearing with suggestion for rehearing en banc, Ms. Easley requests that this court revisit its

prior decision. We decline to do so, but we take this opportunity to explain our denial of further review in order to provide litigants with some guidance concerning the proper contents of petitions for rehearing and for rehearing en banc.

Our discussion begins with the appellate rules governing petitions for rehearing and petitions for rehearing en banc, Federal Rules of Appellate Procedure 40 and 35, respectively. Although similar in some respects, the two types of petitions for rehearing are governed by different standards reflective of the purpose of that particular procedural tool.

Appellate Rule 40 governs petitions for panel rehearing. It provides, in pertinent part, that "[t]he petition must state with particularity each point of law or fact that the petitioner believes the court *has overlooked or misapprehended* and must argue in support of the petition." Fed. R. App. P. 40(a)(2) (emphasis added). As suggested by the rule, petitions for panel rehearing should alert the panel to specific factual or legal matters that the party raised, but that the panel may have failed to address or may have misunderstood. It goes without saying that the panel cannot have "overlooked or misapprehended" an issue that was not presented to it. Panel rehearing is not a vehicle for presenting new arguments, and, absent extraordinary circumstances, we shall not entertain arguments raised for the first time in a petition for rehearing. *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1274 (2d Cir. 1994) ("It is well established in this circuit that arguments raised for the first time on a petition for rehearing are deemed abandoned unless manifest injustice would otherwise result."); *FDIC v. Massingill*, 30 F.3d 601, 605 (5th Cir. 1994) (stating that the court "will not entertain those thorny

questions presented for the first time in a[] petition for rehearing" (internal quotation marks omitted)); *Am. Policyholders Ins. Co. v. Nyacol Prods., Inc.*, 989 F.2d 1256, 1264 (1st Cir. 1993) ("First, a party may not raise new and additional matters for the first time in a petition for rehearing."); *Costo v. United States*, 922 F.2d 302, 302-03 (6th Cir. 1990) ("Generally, an argument not raised in an appellate brief or at oral argument may not be raised for the first time in a petition for rehearing."); *Peter v. Hess Oil Virgin Islands Corp.*, 910 F.2d 1179, 1181 (3d Cir. 1990) (denying petition for rehearing on issue that was raised before the district court, but was not briefed before appellate court); *Holley v. Seminole County Sch. Dist.*, 763 F.2d 399, 400-01 (11th Cir. 1985) (stating that arguments not raised in briefing will not be entertained on rehearing).

Petitions for rehearing en banc are governed by Appellate Rule 35. According to the Rule, if en banc rehearing is requested, the petition *must* begin with a statement that either:

> (A) the panel decision conflicts with a decision of the United States Supreme Court or of the court to which the petition is addressed (with citation to the conflicting case or cases) and consideration by the full court is therefore necessary to secure and maintain uniformity of the court's decisions; or

> (B) the proceeding involves one or more questions of exceptional importance, each of which must be concisely stated; for example, a petition may assert that a proceeding presents a question of exceptional importance if it involves an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue.

Fed. R. App. P. 35(b)(1) (emphasis added). Again, as set forth in the language of the rule, en banc rehearing has a different focus than panel rehearing. Panel rehearings are designed as a mechanism for the panel to correct its own errors in the reading of the factual record or the law, rehearings en banc are designed to address issues that affect the integrity of the circuit's case law (intra-circuit conflicts) and the development of the law (questions of exceptional importance). Given the "heavy burden" that en banc rehearings impose on an "already overburdened court," such proceedings are reserved for the truly exceptional cases. *See Roberts v. Sears, Roebuck & Co.*, 723 F.2d 1324, 1348 (7th Cir. 1983) (en banc) (separate opinion of Posner, J.) (internal quotation marks and citations omitted). Indeed, in the last calendar year, out of the thousands of cases resolved by this court, only one en banc opinion has been issued.

With these standards in mind, we turn to Ms. Easley's petition for rehearing, with suggestion for rehearing en banc. Ms. Easley's petition does not begin with the statement set forth in Appellate Rule 35 and required for all en banc petitions. By contrast, her statement in support of rehearing en banc appears to be aimed at satisfying the grounds set forth in Rule 40 for panel rehearing; she states: "This Court failed to address the state-created danger exception . . . ." Petition for Rehearing at 1.[1] We,

---

[1]   We previously have warned parties that make no effort to "fit [their] petition[s] within the criteria for en banc review" that sanctions may be imposed. *HM Holdings, Inc. v. Rankin*, 72 F.3d 562, 563 (7th Cir. 1995). However, because Ms. Easley also requests panel rehearing, and because her statement (continued...)

therefore, interpret Ms. Easley's petition as requesting panel rehearing.

As noted above, Ms. Easley seeks rehearing because of the panel's failure to address the "state-created danger exception." *Id.* Specifically, Ms. Easley states the basis for her rehearing petition accordingly:

> This Court failed to address the state-created danger exception to the Due Process Clause of the Constitution enunciated by the United States Supreme Court in *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189 (1989), consistently applied by this Court in *Montfils v. Taylor*, 165 F.3d 511 (7th Cir. 1998), and *King v. East St. Louis School Dist.*, 189, 06-3440 (7th Cir., 8-7-2007), and extensively addressed in *Windle v. City of Marion*, 321 F.3d 658, 663 (7th Cir. 2003), cited by this Court in its September 14, 2007 Order affirming the Motion for Summary Judgment and in *Hernandez v. City of Goshen*, 324 F.3d 535, 538 (7th Cir. 2003), cited by the District Court in its December 15, 2005 Order.

*Id.*

There is good reason why this court did not address the "state-created danger exception" in its order disposing of Ms. Easley's appeal: Ms. Easley did not argue in her briefs before this court that the "state-created danger exception" applied. Indeed, prior to the submission of her petition for rehearing, the words "state-created danger" do not appear anywhere in Ms. Easley's filings with this court. Her briefs also are bereft of any mention

---

[1] (...continued)
purports to satisfy the standards for panel rehearing, we do not believe sanctions are appropriate in this case.

of *DeShaney*, any other cases which demonstrate this court's "consistent[] appli[cation]" of the state-created danger doctrine, or *Windle v. City of Marion*, which, according to Ms. Easley, "extensively addresse[s]" the issue. *Id.* Similarly, the district court was not presented with any argument that the state-created danger doctrine applied, nor did Ms. Easley supply that court with any authority that may have alerted it to the fact that she was raising the issue. In short, Ms. Easley seeks to raise an issue in her petition for rehearing that was not presented to the district court and was neither briefed nor argued to this court prior to the rehearing petition. The time for presenting new, substantive arguments to this court has passed: "Having tried and appealed its case on one theory, an unsuccessful party may not then use a petition for rehearing as a device to test a new theory." *United States v. Sutherland*, 428 F.2d 1152, 1158 (5th Cir. 1970).

Petitions for rehearing and petitions for rehearing en banc are mechanisms governed by rule and designed to ensure the integrity of individual panel decisions and the consistent and thoughtful development of the law. The criteria for both petitions are explicit, and, in submitting petitions, we expect counsel to ensure that their petitions meet those criteria. Ms. Easley's petition does not satisfy the requirements for panel or en banc rehearing. Therefore, other than to affirm the September 14, 2007 order on behalf of the entire panel, we deny the petition for rehearing.

IT IS SO ORDERED.