**NEW ENGLAND SURFACES, d/b/a Dion Distributors, Inc., Plaintiff, Appellant,**

v.

**E.I. DU PONT DE NEMOURS AND COMPANY, d/b/a Du Pont, and Parksite, Inc., Defendants, Appellees.**

No. 08–1048.

United States Court of Appeals, First Circuit.

Oct. 21, 2008.

William D. Robitzek, Paul F. Macri, Berman & Simmons, Lewiston, ME, for Plaintiff, Appellant.

Deborah A. Buccina, Douglas, Denham, Buccina & Ernst, Portland, ME, John C. Wyman, Murtha Cullina, Boston, MA, for E.I. Du Pont De Nemours and Company.

Harold J. Friedman, Martha C. Gaythwaite, Friedman, Gaythwaite, Wolf & Levitt, Portland, ME, for Parksite, Inc.

Before BOUDIN, SELYA and DYK,* Circuit Judges.

## ORDER ON REHEARING

DuPont has filed a petition for rehearing of our decision in which one substantive point warrants brief discussion. Specifically, in arguing that nothing would be achieved by a remand, DuPont asserts that even if under section 187 of the *Restatement (Second) of Conflict of Laws* Connecticut's interest in franchisee-protection were superior to Delaware's, Delaware law is still plainly the correct general choice of law under section 188. Thus, DuPont concludes, this further condition for use of Connecticut law, invoked by section 187's cross-reference to section 188, would still not be satisfied.

Our decision did not separately discuss section 188, or a number of other possible issues (*e.g.*, whether NES was a franchisee), because DuPont chose not to brief such issues. Instead, it chose to argue that NES was foreclosed from pursuing the Connecticut statutory claim because it had failed to brief an independent ground

* Of the Federal Circuit, sitting by designation.

advanced by the district court in support of its decision. We rejected this reading of the district court's decision but, in the peculiar posture of the case, did not foreclose DuPont from making on remand such previously omitted arguments.

Nor does section 188 make a remand plainly pointless. Even a preliminary examination of the factors listed in section 188, and included by its own cross-reference to section 6, suggests that the Connecticut law might apply as to the *particular issue* of DuPont's right to terminate without cause, even if certain *other* contract issues were resolved under Delaware law. *See* Scoles, *Conflict of Laws* § 18.4, at 972 (4th ed.2004), discussing generally the pattern in conflict cases involving franchisee protective statutes.

At the same time, there is a question as to whether Connecticut could satisfy the standards of section 188 because it is one of several states where the contracts between NES and DuPont were to be performed. *See Restatement (Second) of Conflict of Laws* § 188 cmt. e (1971) ("the place of performance can bear little weight in the choice of the applicable law when ... performance by a party is to be divided more or less equally among two or more states with different local law rules on the particular issue.").

So far as the petition takes issue with the aptness of individual citations in the opinion, the short answer is that each of the propositions for which the cases were cited remains correct. An erratum supplies substitute citations and corrects two phrasing errors in the decision that also have no effect on its reasoning or result.

With this clarification as to issues open on remand, the petition for rehearing is *denied.*