# United States Court of Appeals
## For the First Circuit

———————————

Nos. 15-2005, 15-2006, 15-2007

IN RE: NEXIUM (ESOMEPRAZOLE) ANTITRUST LITIGATION

AMERICAN SALES COMPANY, LLC, on behalf of itself and all others similarly situated; VALUE DRUG COMPANY; BURLINGTON DRUG COMPANY INC.; ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and others similarly situated; MEIJER, INC.; MEIJER DISTRIBUTION, INC.; ALLIED SERVICES DIVISION WELFARE FUND; LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL 17 HEALTH CARE FUND; LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL 35 HEALTH CARE FUND; A.F. OF L. - A.G.C. BUILDING TRADES WELFARE PLAN; FRATERNAL ORDER OF POLICE MIAMI LODGE 20 INSURANCE TRUST FUND; NEW YORK HOTEL TRADES COUNCIL AND HOTEL ASSOC. OF NEW YORK CITY, INC. HEALTH BENEFITS FUND; UNITED FOOD & COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND; MICHIGAN REGIONAL COUNCIL OF CARPENTERS EMPLOYEE BENEFITS FUND; INTERNATIONAL UNION OF MACHINISTS AND AEROSPACE WORKERS DISTRICT NO. 15 HEALTH FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 595 HEALTH AND WELFARE FUND; WALGREEN CO.; THE KROGER COMPANY; SAFEWAY INCORPORATED; SUPERVALU, INC.; HEB GROCERY CO. LP; GIANT EAGLE, INC.; RITE AID CORPORATION; RITE AID HEADQUARTERS CORPORATION; JCG (PJC) USA, LLC; MAXI DRUG, INC., d/b/a BROOKS PHARMACY; ECKERD CORPORATION; CVS, INC.,

Plaintiffs, Appellants,

v.

ASTRAZENECA LP; ASTRAZENECA AB; AKTIEBOLAGET HASSLE; RANBAXY PHARMACEUTICALS INC.; RANBAXY INC.; RANBAXY LABORATORIES LTD.,

Defendants, Appellees.

———————————

Before

Lynch, Stahl and Thompson,
<u>Circuit Judges</u>.

The various groups of plaintiffs have collectively filed three petitions for panel rehearing and two for rehearing en banc, raising various objections to the panel opinion. This order deals primarily with the petitions for panel rehearing. None of them has merit.

<u>End-Payor Class's Petition</u>

The End-Payor Class, seeking only panel rehearing, argues that we must remand the case with regard to the permanent injunction issue because the panel rejected the sole ground on which the district court had denied the plaintiffs' post-trial motion for permanent injunctive relief. This argument is meritless. The End-Payor Class petitioners have waived the issue of the denial of injunctive relief by failing to address it in their briefs on appeal. They admit that they did not brief the issue of whether the district court erred in denying their motion for a permanent injunction. They also do not offer any rationale for that failure. They do argue that their omission should be excused because the Federal Trade Commission ("FTC") submitted an amicus brief, which argued that the district court had erroneously conflated the distinct concepts of antitrust violation and antitrust injury, and the panel then discussed that issue in the opinion.

From the fact that the panel agreed with the FTC, the End-Payor Class argues in its petition that the class did not waive the issue of injunctive relief by not raising that issue on appeal. But the FTC did not argue that the plaintiffs were entitled to any injunctive relief. In fact, the FTC explicitly stated that it was filing its brief "in support of no party."

In addition, the cases that the petition cites do not explain why we should exercise our discretion to excuse waiver under these circumstances. We recognize that the Ninth Circuit once found that it would be "manifestly unjust" to deem waived a claim of inherently prejudicial procedural error, where the result would have been not to reverse a criminal defendant's conviction while reversing his co-defendant's conviction.[1] <u>See</u> <u>United States</u> v. <u>Olano</u>, 934 F.2d 1425, 1439 (9th Cir. 1991), <u>rev'd</u>, 507 U.S. 725 (1993). We also recognize that the Second Circuit once excused a litigant's failure to invoke an issue "explicitly by name." <u>Rivkin</u> v. <u>Century 21 Teran Realty LLC</u>, 494 F.3d 99, 104 n.11 (2d Cir. 2007). Those cases have no bearing on whether we should overlook the End-Payor Class's failure to brief the injunctive-relief issue in this particular instance. Nor is this case like <u>New England Surfaces</u> v. <u>E.I. Du Pont De Nemours & Co.</u>, 546 F.3d 1 (1st Cir. 2008), <u>clarified on denial of reh'g</u>, 546 F.3d 11 (1st Cir. 2008), in which we chose not to address in the first instance an issue that the district court had not fully explored and that neither party had developed in their arguments on appeal. <u>Id.</u> at 10–11. In short, these cases confirm the inherent discretion that appellate panels have under Rule 2 of the Federal Rules of Appellate Procedure to suspend the rules for "good cause" or if a failure to review an issue would result in "manifest injustice." Fed. R. App. P. 2 & advisory committee's note to 1967 adoption. The cases do not persuade us that we should exercise that discretion under the circumstances of this petition.

---

[1] Of course, the Supreme Court subsequently reversed the Ninth Circuit's substantive ruling that the presence of alternate jurors during jury deliberations constituted plain error. <u>See</u> <u>United States</u> v. <u>Olano</u>, 507 U.S. 725, 727 (1993).

Petitioners certainly have not shown good cause for the panel to suspend the rules. Nor have they come close to showing a need for injunctive relief, despite their utter failure to brief the question, in order to prevent a manifest injustice. There is no obvious threatened loss or damage ensuing from the defendants' actions, and the plaintiffs have not presented a cogent argument for establishing such threatened harm. As we explained in In re New Motor Vehicles Canadian Export Antitrust Litigation, 522 F.3d 6 (1st Cir. 2008), "a plaintiff seeking relief under section 16 [of the Clayton Act] need not show actual antitrust damages but only a 'threatened loss or damage.'" Id. at 12 (quoting 15 U.S.C. § 26). While the requirements for standing to pursue injunctive relief are thus "less stringent" than those for standing to pursue damages, id. at 13, plaintiffs seeking injunctive relief must still demonstrate that they "face a threat of injury that is both '"real and immediate," not "conjectural" or "hypothetical,"'" id. at 14 (quoting O'Shea v. Littleton, 414 U.S. 488, 494 (1974)). Critically, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." Id. (second alteration in original) (quoting O'Shea, 414 U.S. at 495–96).

Under the rules governing petitions for panel rehearing, the petitioners must point to something that they "believe[] the court has overlooked or misapprehended." Fed. R. App. P. 40(a)(2). In light of the plaintiffs' failure to brief the issue of the denial of their request for a permanent injunction, the panel neither overlooked nor misapprehended that issue. See Easley v. Reuss, 532 F.3d 592, 593–94 (7th Cir. 2008) (per curiam) ("It goes without saying that the panel cannot have 'overlooked or misapprehended' an issue that was not presented to it. Panel rehearing is not a vehicle for presenting new arguments, and, absent extraordinary circumstances, we shall not entertain arguments raised for the first time in a petition for rehearing."); 16AA Wright & Miller, Federal Practice & Procedure § 3986.1 (4th ed. 2008) ("Issues that were not presented in the initial briefs and argument will seldom be considered when presented for the first time by petition for rehearing.").

### Direct-Purchaser Class's and Individual Retailers' Petitions

The Direct-Purchaser Class (joined by the End-Payor Class) and the Individual Retailers petition for both panel and en banc rehearing. We deny panel rehearing. These petitions mischaracterize the panel opinion as having required the plaintiffs to have conclusively proved patent invalidity before being able to pursue an at-risk launch theory at trial. The panel decision did no such thing. The opinion observed merely that, under the circumstances of this case, "the district court . . . did not err by requiring some evidence of the patents' invalidity or noninfringement before allowing the plaintiffs to pursue an at-risk launch theory." No per se rule was established. The panel made this observation, furthermore, while recognizing the distinction between evidence of absolute patent invalidity and evidence of the defendants' subjective assessment of the risk to their patent monopoly.

The petitions erroneously assert that the panel opinion somehow created a circuit split and that it contravened the Supreme Court's opinion in FTC v. Actavis, Inc., 133 S. Ct. 2223 (2013). Again, the panel opinion did neither. Actavis, a case in which the FTC was the plaintiff, recognized that reverse payment settlements "can sometimes violate the antitrust laws," id. at 2227, and noted that "it is normally not necessary to litigate patent validity to answer the antitrust

question . . . . In a word, the size of the unexplained reverse payment can provide a workable surrogate for a patent's weakness, all without forcing a court to conduct a detailed exploration of the validity of the patent itself," id. at 2236–37. The panel's opinion is faithful to this language from Actavis. All the panel's holding did was recognize that, given the peculiarities of this case, the district court in no way forced a "detailed exploration" of patent validity within an antitrust case.

Likewise, all three circuit cases with which the petitions say the panel opinion is in conflict are not actually in conflict. Those three cases evaluated the merits of antitrust violation allegations at the Rule 12(b)(6) pleading stage. See King Drug Co. of Florence, Inc. v. Smithkline Beecham Corp., 791 F.3d 388, 410 (3d Cir. 2015) ("[A]t the pleading stage[,] plaintiffs have sufficiently alleged that any procompetitive aspects of the . . . arrangement were outweighed by the anticompetitive harm from the no-AG agreement."); In re Cardizem CD Antitrust Litig., 332 F.3d 896, 900 (6th Cir. 2003) (holding, in the context of a per se illegal restraint of trade, that "[t]he defendants' claim that [the generic manufacturer's] decision to stay off the market was motivated not by the [reverse payment], but by its fear of damages in the pending patent infringement litigation, merely raise[d] a disputed issue of fact that cannot be resolved on a motion to dismiss"); Andrx Pharms., Inc. v. Biovail Corp. Int'l, 256 F.3d 799, 808 (D.C. Cir. 2001) (holding that the district court erred in dismissing with prejudice a generic manufacturer's complaint, which alleged that its competitors violated the antitrust laws after receiving a reverse payment from a brand manufacturer).

Contrary to the petitioners' unsupported assertions, we cannot divorce the stage of the litigation, and the disparate evidentiary burdens that the nonmoving party faces at each stage, from the "legal" rule. See, e.g., Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990) (noting that because Rule 12(b)(6) and Rule 56 motions "place different burdens on the parties at different times in the course of litigation . . . the correct characterization may have a substantive impact on review").

The Direct-Purchaser Class's next argument — that the district court's summary judgment opinion precluded them from putting on evidence of patent invalidity at trial — is also unsupported. The district court stated at summary judgment that, at that stage, there was insufficient evidence to support the plaintiffs' theory that Teva could have won its patent infringement litigation against AstraZeneca. In re Nexium (Esomeprazole) Antitrust Litig., 42 F. Supp. 3d 231, 289–90 (D. Mass. 2014). Without enough evidence, that scenario was "sheer speculation, and the [c]ourt pa[id] it no mind." Id. at 290. The district court's statement at summary judgment was not a ruling that precluded the petitioners from entering patent invalidity evidence under any circumstance at trial. We will not grant rehearing so that the petitioners can assign their failure to put on evidence to a mischaracterized summary judgment statement.

Finally, the Direct-Purchaser Class challenges the exclusion of two pieces of evidence. We review the district court's evidentiary rulings only for abuse of discretion. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 141–42 (1997); Correa v. Cruisers, a Div. of KCS Int'l, Inc., 298 F.3d 13, 25–26 (1st Cir. 2002). We may not substitute our intuition for that of the district court, absent a showing that it abused its discretion. The record before the panel did not, and still does not, reveal such abuse. That is the end of our inquiry.

- 4 -

The three petitions for panel rehearing are denied. Judges Lynch and Thompson also vote to deny both petitions for rehearing en banc.

By the Court:
/s/ Margaret Carter, Clerk

cc:
Hon. William G. Young
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
William A. Zucker
Timothy C. Hester
Kannon K. Shanmugam
Nicholas W. Allen
Ashley E. Bass
Benjamin M. Greenblum
Andrew D. Lazerow
James Harris Weingarten
John E. Joiner
Michael P. Kelly
Paul B. Gaffney
James Douglas Baldridge
Thomas A. Isaacson
Adam Joshua Podoll
Heidi K. Hubbard
William Thomas Marks
Laurence Adam Schoen
Jay P. Lefkowitz
Karen Natalie Walker
Jonathan D. Janow
Leslie F. Su
Lisa Jose Fales
Danielle R. Foley
Steven J. Menashi
Amanda Elbogen
Michael T. Marcucci
Jonathan B. Berman
Kevin D. McDonald
Stephanie L. Resnik
Thomas G. Shapiro
Glen DeValerio
Bruce E. Gerstein
James R. Dugan II
Douglas Robert Plymale

Nathaniel L. Orenstein
David Baylis Franco
Donna M. Evans
Joseph Opper
Scott E. Perwin
Gregory T. Arnold
Thomas M. Sobol
David S. Nalven
James J. Nicklaus
David F. Sorensen
Don Barrett
John D. Radice
Kristen Johnson
Elena K. Chan
Caitlin G. Coslett
Daniel C. Simons
Matthew W.H. Wessler
Kristie A. LaSalle
Brian D. Brooks
Peter S. Pearlman
Susan C. Segura
Peter R. Kohn
Archana Tamoshunas
Ellen T. Noteware
Barry L. Refsin
Richard Alan Arnold
Anna Theresa Neill
Lauren C. Ravkind
Brian C. Hill
Erin Gisbson Allen
Moira E. Cain-Mannix
Monica L. Rebuck
Linda P. Nussbaum
David P. Germaine
Steve D. Shadowen
Natalie Finkelman Bennett
Jayne A. Goldstein
J. Douglas Richards
Christopher Lometti
Sharon K. Robertson
Edward A. Wallace
Kenneth A. Wexler
Jonathan Shapiro
Christopher M. Burke
Donald A. Broggi
Walter W. Noss

Joseph P. Guglielmo
Kevin Peter Roddy
Daniel C. Girard
Aaron David Kaufmann
Lawrence M. Kraus
Peter Dexter St. Phillip Jr.
Barbara J. Hart
Gerald Lawrence
Uriel Rabinovitz
Frank R. Schirripa
Joel R. Marcus
Mark S. Hegedus
Katherine R. Katz